200 So.2d 308 (1967)
John R. RESOR
v.
Kenneth R. MOUTON, Louisiana Supply Company and Argonaut Insurance Company and Edmond Gros (Intervenor).
No. 2618.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1967.
*309 Loeb & Livaudais, C. T. Williams, Jr., New Orleans, for plaintiff-appellee.
James P. Vial, Leon C. Vial, III, Harry T. Lemmon and Mary Ann Vial Lemmon, Hahnville, for Edmond Gros, intervenor-appellant.
Before McBRIDE, SAMUEL and HALL, JJ.
HALL, Judge.
Edmond Gros filed a petition of intervention in a suit brought by John R. Resor against Kenneth R. Mouton and others. An exception challenging the right of Gros to intervene was maintained by the Trial Court and judgment was rendered dismissing the petition of intervention. Gros prosecutes this appeal from that judgment.
The main suit is a tort action brought by John R. Resor for personal injuries and property damage allegedly sustained by him in a collision between an automobile owned and driven by him and a truck driven by Kenneth R. Mouton. The accident occurred on Highway 90 in St. Charles Parish on October 14, 1965. Made defendants in the main suit are Mouton, Louisiana Supply Company, Mouton's employer, and Argonaut Insurance Company, liability insurer of the truck. The defendants filed an answer to Resor's suit in which they denied any negligence on their part, alleged the accident was due to Resor's negligence, and in the alternative plead contributory negligence on the part of Resor. They prayed that his suit be dismissed.
On July 8, 1966, with leave of Court first obtained, Edmond Gros filed a petition of intervention in the main suit in which he alleged that a building owned by him on Highway 90 adjacent to the scene of the accident was damaged as a result of the collision between Resor's automobile and defendant's truck and that the proximate cause of the damage was the joint negligence of the two drivers. Intervenor prayed for judgment in his favor for $1,312.00 in solido against the plaintiff (Resor) the defendants (Mouton, Louisiana Supply Company, and Argonaut Insurance Company) and also against Fireman's Fund Insurance Company, liability insurer of Resor, which was not a party to the main suit.
Resor and Fireman's Fund Insurance Company excepted to Gros' petition of intervention on the ground that Gros had no interest in the main demand and therefore had no right to intervene therein in view of the provisions of the Code of Civil Procedure regulating interventions by third persons. The Trial Court maintained the exception as aforesaid and Gros brought this appeal.
The measure of the right of third persons to intervene in a pending action is found in LSA-C.C.P. art. 1091 which reads as follows:
"Art. 1091. Third person may intervene
"A third person having an interest therein may intervene in a pending action *310 to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
"(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
"(2) Uniting with defendant in resisting the plaintiff's demand; or
"(3) Opposing both plaintiff and defendant."
It is clear to us that Gros has no interest in Resor's pending action against Mouton et als. The "object" of Resor's action is to recover his own damages. Gros has no interest whatever in those damages nor in Resor's recovery thereof and does not seek to enforce a right related to or connected therewith. What Gros seeks is the recovery of his own damage which is an entirely new matter unrelated to and unconnected with the "object" of Resor's pending suit.
The mere fact that the alleged damage to Gros' building resulting from the same accident which caused Resor's damage does not in our opinion give Gros a right to intervene in Resor's suit. While an issue necessary to be determined in the main suit (and also in any proceeding by Gros to recover his own damage) is whether the accident was caused by the negligence of Resor or Mouton or both, the resolution of this issue is not the "object" of Resor's suit but only a prerequisite to the attainment of such "object".
It is noted furthermore that Gros not only sought to introduce a new and unrelated "object" in the pending litigation but also to introduce a new party therein, i. e. Fireman's Fund Insurance Company which was neither a party plaintiff nor a party defendant in the main demand. Certainly this is not authorized by LSA-C.C.P. Art. 1091. An intervenor may join with the plaintiff, unite with the defendant, or oppose both but he is not permitted to introduce new parties into the main demand. An intervenor must take the main demand as he finds it.
Appellant cites Emmco Insurance Company v. Globe Indemnity Company, 237 La. 286, 111 So.2d 115. This case arose out of a collision between an automobile owned and driven by Strong and another car owned and driven by Patti. Strong and his subrogated collision insurer brought suit for property damage against Globe Indemnity Company, the liability insurer of Patti, under the direct action statute. Patti was not made a party to this suit but intervened therein claiming damages against Strong for the personal injuries received by him in the accident. The question presented was the right of Patti to intervene. The Supreme Court held the intervention was proper but limited its holding to suits brought under the direct action statute. The Court reasoned that the intervenor, Patti, was the real party at interest, not a stranger, and that were it not for the direct action statute Patti would have been an indispensable party to plaintiff's suit against Patti's insurer. The holding in that case has no application here.
Appellant argues that intervention is desirable for the purpose of avoiding a multiplicity of suits. But for the same purpose the Code of Civil Procedure (see LSA-C.C.P. Art. 1561) authorizes the consolidation of separate suits which involve a common issue of law or fact. Intervention is separate and distinct from consolidation. Merely because two separate claims may be consolidated for trial does not under the provisions of LSA-C.C.P. Art. 1091 give one claimant the right to intervene in the other's suit.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.
Affirmed.