209 So.2d 158 (1968)
Donald KLOTZ
v.
NOLA CABS, INC., Nola Bonding Company, and St. Louis Fire & Marine Insurance Company.
No. 3013.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1968.
*159 Burton G. Klein, New Orleans, for plaintiff-appellee.
Robert J. Pitard, New Orleans, for defendants-appellees.
Joseph M. Perry, Jr., Metairie, for intervenor-appellant.
Before REGAN, HALL and JOHNSON, JJ.
HALL, Judge.
Donald Klotz, a police officer employed by the City of New Orleans, filed suit against Nola Cabs, Inc., Nola Bonding Company and St. Louis Fire & Marine Insurance Company, seeking damages for personal injuries received by him when a parked police car in which he was seated was struck from the rear by a taxicab. He also prayed for medical expenses and for loss of wages.
The accident happened on June 14, 1965. Klotz filed his suit on November 19, 1965. Trial on the merits was set for October 5, 1966 at which time continuance was granted. On the same date viz. October 5, 1966 the City of New Orleans, with leave of Court first obtained, filed a petition of intervention in which it adopted and reiterated all of the allegations of fact contained in plaintiff's petition and sought reimbursement under the provisions of the Workmen's Compensation Act for medical expenses paid by it for account of its employee, Klotz, in the sum of $2,214.59. The City in its intervention also sought reimbursement in the sum of $357.05 for damage done to its police car in the accident.
To the City's petition of intervention defendants filed an exception or plea of prescription of one year under the provisions of LSA-C.C. Armt. 3536, which theTrial Judge referred to the merits of the case. Trial on the merits was had on November 17, 1966 and resulted in a judgment in favor of Klotz against the defendants in the sum of $7,614.50 and in favor of Klotz and the City of New Orleans in the sum of $2,214.51 representing *160 the medical expenses paid by the City. The Trial Court dismissed the intervention of the City insofar as it related to the $257.05 property damage claimed by it. The City of New Orleans prosecutes this devolutive appeal from that judgment. Defendants neither appealed nor answered the appeal.
The matter was submitted to us on briefs without oral argument.
Although the Trial Court did not assign written reasons for judgment it is clear that those portions of the judgment which relate to the City of New Orleans constituted an overruling by him of the exception of prescription levelled at the City's claim for reimbursement of medical expenses paid by it and a maintaining of the exception with respect to the property damage claimed by the City.
No issue is raised here with respect to the intervenor's claim for medical expenses. The sole issue presented for our determination is whether the intervenor's claim for property damage is prescribed. As stated by the intervenor: "The issue in this case is whether or not a claim for property damages for which the plaintiff-employee had no right of action can be filed by the employer-intervenor after the statute of limitations has run. Does the timely filing of the suit by the plaintiff-employee interrupt prescription not only for the employer's claim for reimbursement of medical expenses and compensation paid but also for the employer's claim for property damage resulting from the same act of negligence?"
The jurisprudence is clear to the effect that a damage suit for personal injuries timely filed by an employee against a third person interrupts prescription with respect to an intervention by his employer for reimbursement of workmen's compensation benefits paid by the employer for account of the employee as a result of the cause of action sued upon. See Walton v. Louisiana Power & Light Co., La.App., 152 So. 760; Mayon v. Delta Well Logging Service, Inc., La.App., 127 So.2d 16. These decisions are based on the premise that such claims by the employer for reimbursement of compensation benefits actually form part of the demand which the plaintiff-employee has a right to sue for himself and the nature of the demand is not changed nor is the extent of the demand increased by the exercise of the employer's right to intervene and receive directly the funds paid out. (See LSA-R.S. 23:1101, 23:1102, and 23:1103)
Counsel for intervenor admits that he has been unable to find any jurisprudence holding that a suit for damages timely filed by an employee for personal injuries received by him as a result of the defendant's negligence will serve to interrupt prescription on a claim by his employer for property damage resulting from the same act of negligence.
However counsel contends that the opinion of the Supreme Court in National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263, must be interpreted as holding that a timely filed suit on a cause of action sounding in tort interrupts prescription on all rights of action flowing out of the same tort, and consequently plaintiff's suit interrupted prescription on intervenor's claim for property damage because both rights of action flow out of the same negligent act of the taxi driver. We do not agree with counsel's interpretation of the Court's decision.
The National Surety case presents the converse of the situation in the Walton and Mayon cases cited supra in that the employer filed suit against the third party tort feasor for reimbursement of compensation benefits paid the injured employee. The employer's suit was filed within the year following the date of the accident. After the year had elapsed the employee intervened in the employer's suit seeking to recover for the injuries sustained by him in the accident. An exception of prescription filed to the intervention was overruled by the Supreme Court. The Court drawing a *161 distinction between a cause of action and a right of action held that the case presented but one principal cause of action resulting from a single tort; that both demands arose out of a single cause of action; that it made no difference whether the employer or employee filed suit first, one suit being incidental to the other since under the compensation law when one files suit the other must intervene if he desires to recover. Finally the Court held as follows:
"[4, 5] LSA-R.S. 9:5801, supra, recites that all prescriptions affecting the cause of action sued upon are interrupted as to all defendants by the commencement of a civil action in a court of competent jurisdiction. Certainly the claim of Tyson affected the one cause of action alleged by plaintiff; it follows that any prescription applying to the filing of an intervention by Tyson was interrupted by the timely filing of suit by the employer's insurer, especially, as stated supra, when the intervention was filed before the answer. We conclude that herein there can be no separate prescription which applies to rights of action as opposed to cause of action." (emphasis supplied)
We are of the opinion that the decision in the National Surety case is applicable only to interventions filed by the employer or employee pursuant to the provisions of the Workmen's Compensation Act (See LSA-R.S. 23:1101, 23:1102 and 23:1103). It has no application to the issue presented in the instant case. In compensation cases the rights of the employer and employee are bound together by the Workmen's Compensation Act and their demands are incidental to each other. Here the intervenor's claim for property damage bears no relationship to the plaintiff's claim for personal injuries. In fact their demands are so unrelated that the City actually had no right to intervene herein for its property damage. (See LSA-C.C.P. Art. 1091; Resor v. Mouton, La.App., 200 So.2d 308).
We are of the opinion that the Trial Court was correct in maintaining the exception of prescription to the City's intervention for property damages.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be paid by intervenor-appellant.
Affirmed.