PICKETT, Judge.
This is a suit for damages instituted by plaintiff-appellant, George L. Richardson, against the defendants, William Emmons and his wife, Doris Emmons; Lois S. Lombardo, individually, and as the natural tutrix of the minors, Peter Michael Lom-bardo, Paul Joseph Lombardo and Ella Marie Lombardo. The suit was filed May 20, 1968. For a cause of action, the plaintiff alleges that on December 10, 1965, his father Benjamin Richardson, died as a result of a fire which was the direct result of the gross negligence of the defendants. The defendant, Lois S. Lombardo, individually and as the tutrix of the minors, Peter Michael Lombardo, Paul Joseph Lombardo, and Ella Marie Lombardo, filed a plea of prescription of one year. The defendants, William Emmons and Doris Emmons, likewise filed a separate plea of prescription of one year. Both exceptions of prescription were sustained, and the plaintiff has appealed.
This is an action in tort. The pleadings show that the alleged tortious act occurred on December 10, 1965; and this suit was filed May 20, 1968. The cause of action is clearly prescribed by the prescription of one year, unless the prescription was interrupted. LSA-C.C. Articles 3536 and 3537.
The appellant contends that prescription was interrupted by an intervention filed by appellant in Suit Number 117,266, entitled Edward Malone Johnston, et al. vs. William Emmons, et al. on the Civil Docket of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, Louisiana. A copy of Suit Number 117,-266 has been filed in evidence in these proceedings. It discloses that on December 9, 1965, Edward Malone Johnston, et ux., filed said Suit Number 117,266 against William Emmons, et al., claiming damages for the wrongful death of Eddie Johnston. The pleadings disclose that Eddie Johnston lost his life as the result of a fire that occurred on December 10, 1965, on the premises of 638 North 21st Street, in the City of Baton Rouge, Louisiana. It is alleged that said fire was the direct result of the gross negligence of all defendants. The appellant alleged in his intervention which was filed on December 12, 1966, in said- Suit Number 117,266, that his father, Benjamin Richardson, lost his life in the same fire that caused the death of Eddie Johnston. All defendants were served with a copy of the intervention filed by the appellant However, no citations were issued. The defendants filed exceptions to appellant’s intervention; and after a contradictory hearing, the exceptions were sustained, and the appellant’s intervention was dismissed without prejudice.
The sole legal question involved in this appeal is whether or not the petition of intervention filed by appellant, George L. Richardson, on December 12, 1966, interrupted or suspended the one year prescriptive period for a tort action.
Counsel for appellees contend that only the commencement of a civil action will interrupt prescription, and that the filing of an intervention in said Suit Number 117,-266 actually constituted no civil action whatsoever. It is argued that this is particularly true because no citation was issued, and that a citation is essential to the commencement of any civil action other than an executory or summary proceeding.
The appellant says he relies upon the case of Prall v. Peet’s Curator, 3 La. 274 (1832), in which an intervention filed in Peet v. Morgan, 6 Mart.,N.S., 137, by the plaintiff in Peet’s Curator case, but later dismissed on appeal, was held to have interrupted prescription. In so holding, the Supreme Court in Peet’s Curator case said:
“According to article 3438, prescription is interrupted by a demand, whether *456 suit has been brought before a competent court or not. A mistake as to the tribunal, it seems, will not destroy the effect of a suit in the interruption of prescription. And by analogy it ought not when the error occurs in the manner of prosecuting such suit, in consequence of which it may be dismissed.”
The Court held the intervention in Peet v. Morgan, supra, had interrupted prescription under the provisions of Article 3484 of the 1825 Civil Code, which specifically states that, “A legal interruption takes place, when the possessor has been cited to appear before a court of justice, * * It appears that for the Court to hold that the intervention in the Peet v. Morgan case, supra, to have interrupted prescription, it was necessary to find that citation accompanied the intervention. Our present Article 3518 of the Civil Code of 1970, (the successor article to Article 3484 of 1925) likewise provides that in order to interrupt prescription, the party in whose favor the time necessary to acquire it is running, must have been cited to appear before a court of justice, on account of the claim to which the prescription would apply. In the case of Hugh v. Hernandez, 25 La.Ann. 360, cited by counsel for the appellee, the plaintiff had previously attempted to assert a cause of action by summary procedure, in which no citation was issued. Following the dismissal of the summary procedure as being improper and unavailable to plaintiff, the plaintiff filed a new suit, after the prescriptive period for the assertion of the cause of action had run. The plaintiff in that case contended that service of the rule in the summary proceeding had interrupted prescription. The Supreme Court sustained the plea of prescription, and, in that connection, said:
“In the action to annul the judgment rendered on the third of July, 1867, it was decided that the law has not given the summary remedy by rule against sureties on a sheriff’s bond. That the want of citation of the sureties was fatal since they did not answer or otherwise waive citation. There having been no citation there was no interruption of prescription.” (Emphasis supplied)
LSA-C.C.P. Article 1201 provides :
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
“The defendant may expressly waive citation and service thereof by any written waiver made part of the record.”
There was neither citation and service, nor waiver of citation and service, of the intervention filed by appellant in Suit No. 117,266. Hence, the plaintiff did not comply with the necessary provisions of Louisiana Code of Civil Procedure Article 1201, which specifically provides that citation, or the waiver thereof, is essential to the commencement of any civil action other than a summary or executory proceeding. LSA-R.S. 9:5801 clearly states that only the commencement of a civil action will interrupt prescription. That statute also provides that when the pleading is filed in either an incompetent court, or an improper venue, prescription is not interrupted except by the service of process.
It is our opinion that the filing of the intervention in Suit No. 117,266 did not constitute the commencement of a civil action because that procedure was found by the court to be improper and unavailable to appellant. Hence, the appellant has failed to comply with one of the two methods by which the running of prescription can be legally interrupted under the provisions of the law of Louisiana:
By the commencement of the suit in a court of competent jurisdiction and in the proper venue; or,
Where the suit is filed in a court without competent jurisdiction and there is citation and service of process upon the defendant within the prescriptive period.
For the reasons assigned, the judgment appealed is affirmed. All costs of this ap *457 peal are assessed against the plaintiff appellant.
Affirmed.