353 So.2d 487 (1977)
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Elwyn B. BRAWNER, Defendant-Appellant.
No. 6249.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
*488 Stephen E. Everett, Alexandria, for defendant-appellant.
Bolen, Halcomb & Erwin by James A. Bolen, Jr., Alexandria, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
This is a suit filed by Liberty Mutual Insurance Company against defendant, Elwyn Brawner, for damages arising out of an automobile accident. From a judgment for Liberty Mutual, defendant appeals. We reverse in part, and affirm in part.
On June 10, 1975, at approximately 10:49 A.M., a 1975 Ford Torino 4-door sedan, owned by Bordelon Motors, Inc. of Opelousas, St. Landry Parish, Louisiana, and leased by it to the St. Landry Parish Sheriff's Department, was being driven in a northerly direction on MacArthur Drive in Alexandria, Rapides Parish, Louisiana, by a St. Landry Parish Sheriff's deputy, Dennis Macip. Mr. Macip was accompanied by Ms. Stella Ardoin, another St. Landry Parish Sheriff's deputy. MacArthur Drive is a four lane divided highway, with two lanes north and two lanes south-bound. As Macip approached the intersection of MacArthur Drive and Rapides Avenue, the motor vehicle which he was driving collided with a 1969 Dodge 4-door automobile owned and driven by the defendant, Elwyn B. Brawner, who was proceeding in an easterly direction on Rapides Avenue.
Plaintiff, Liberty Mutual Insurance Company, was the collision insurer of the owner of the motor vehicle, Bordelon Motors, Inc., and as a result of the collision, paid to its insured, Bordelon Motors, Inc., Seven Hundred Sixty-Three and 81/100 ($763.81) Dollars in property damages, obtaining a conventional and legal subrogation against defendant of the insured's rights and causes of action. Ms. Ardoin allegedly received personal injuries in the accident.
On February 5, 1976, plaintiff, Liberty Mutual Insurance Company, filed suit against the defendant, Elwyn Brawner, for Eight Hundred Sixty-Three and 81/100 ($863.81) Dollars, the alleged amount of its subrogated collision claim. (At trial, this amount was reduced to $763.81 by stipulation, and is not an issue on appeal.)
Subsequently, on May 27, 1976, Stella Ardoin signed an instrument entitled "Release and Settlement of Claim", which stated that for the sole consideration of Three Thousand Two Hundred Fifty and No/100 ($3,250.00) Dollars, she released Dennis Macip, Bordelon Motors and Liberty Mutual Insurance Company from any and all liability which they may have as a result of the accident of June 10, 1975.
It was determined that Elwyn B. Brawner, the owner of the Dodge automobile, was an uninsured motorist within the meaning and intendment of Liberty Mutual's insurance policy, and on October 28, 1976, the said Stella Ardoin executed an agreement styled "Release and Trust Agreement", in which she acknowledged receipt of the aforementioned sum of $3,250.00, and agreed to hold in trust for the benefit of Liberty Mutual all rights of recovery which she had against anyone who might be legally liable for damages for the alleged bodily injuries sustained by her in the June 10th accident.
On November 18, 1976, Liberty Mutual filed a pleading styled "First Amending and *489 Supplemental Petition for Damages", wherein it amended Paragraph 2 of its original petition, to demand damages in the sum of Four Thousand One Hundred Thirteen and 81/100 ($4,113.81) Dollars, and added a new paragraph to the petition setting forth that: (1) defendant was an uninsured motorist, and (2) that the plaintiff had paid to Ms. Ardoin the sum of $3,250.00 for her injuries, obtaining in return a conventional and legal subrogation from Ms. Ardoin against the defendant for her rights and causes of action against the tortfeasor. The pleading does not contain any specification of the injuries suffered by Ms. Ardoin.
After the filing of the original petition, defendant filed an exception of prescription alleging that the demand for damages for personal injuries to Stella Ardoin was prescribed by the liberative prescription of one (1) year. On December 20, 1976, the exception was overruled, without written reasons. Answer to the original and first supplemental and amending petitions was filed, and following trial, judgment was rendered, without written reasons, on April 27, 1977, for Four Thousand Thirteen and 81/100 ($4,013.81),[1] in favor of plaintiff and against defendant, with interest and costs. From this judgment, defendant has appealed, devolutively. However, on appeal, defendant does not challenge the correctness of the judgment in favor of Liberty Mutual insofar as the $763.81 award for property damage is concerned. We are therefore only concerned with the award of $3,250.00 for damages paid by Liberty Mutual to Stella Ardoin.
Several specifications of error were made on appeal by defendant, one of which was an exception of prescription based on the fact that the first supplemental and amended petition seeking recovery against defendant for the amount which Liberty Mutual had paid to Ms. Stella Ardoin was filed more than one year after the accident, and accordingly was prescribed under the rule of one year tort liberative prescription. We agree with defendant-appellant, and consequently it will not be necessary to discuss the other specifications of error.[2]
Neither appellee nor appellant has furnished us with any Louisiana jurisprudence involving the issue of prescription in an exact factual situation such as exists in this case. Likewise, our research has failed to reveal any Louisiana cases on point.
It is axiomatic, however, that Stella Ardoin had a cause of action for personal injuries which she may have sustained as a result of the automobile collision. However, her right to exercise that cause of action had a life span of one year from the date of the accident. LSA-C.C. Articles 3536 and 3537. Short of filing suit within the year, there was nothing which Ms. Ardoin could unilaterally do to extend the period of viability of her cause of action. By the timely filing of a suit therefor, however, her cause of action remained legally effective until it was disposed of in a court of law, paid, compromised, or abandoned. Thus, her failure to file suit within the one-year period resulted in the demise of her cause of action under LSA-C.C. Articles 3536 and 3537.
However, Liberty Mutual claims to be subrogated to Ms. Ardoin's rights against defendant Brawner, and that its filing of suit against Brawner for property damages (paid under its collision policy) on February 5, 1975, within a year of the accident, interrupted the tolling of the one-year prescriptive period. Therefore, it could amend its petition to claim the damages paid to Ms. *490 Ardoin even though the amended petition claiming that amount of damages was filed more than one year after the accident. In essence therefore, Liberty Mutual is claiming a greater right than Ms. Ardoin herself had. There is no question but that Ms. Ardoin could not, on November 18, 1976, have filed a suit against defendant Brawner for injuries received in an accident which occurred on June 10, 1975.
It is appropriate to note at this point that the "Release and Settlement of Claim" signed by Stella Ardoin on May 27, 1976, was a general release, and made no mention of Stella Ardoin assigning or subrogating to Liberty Mutual, or any other party, any rights which she may have had against defendant Brawner. In the said release, she acknowledged receipt of $3,250.00, and released Liberty Mutual, Dennis Macip, and St. Landry Parish Sheriff's Office, and "any other person or persons, etc." from any and all claims which she may have arising out of the accident of June 10. Nowhere therein is the word "subrogation" mentioned, nor any phrase even implying that as a result of her execution of the instrument, Liberty Mutual or anyone else became subrogated to her rights against Brawner.[3] It was only by the "Release and Trust Agreement" which Ms. Ardoin signed on October 20, 1976, that she agreed to hold in trust for the benefit of Liberty Mutual all rights of recovery which she had against anyone who might be legally liable for damages as a result of the June 10 accident. Therefore, Liberty Mutual can only have become subrogated to Ms. Ardoin's rights by virtue of the provisions of LSA-R.S. 22:1406 D(4) which provides as follows:
"In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made. . ."
In United States Fire Insurance Co. v. Lawson, 317 So.2d 217 (La.App. 4 Cir. 1975), writ refused 321 So.2d 367, an uninsured motorist insurer paid claims under its uninsured motorist coverage over a year after an automobile accident, and then sued the uninsured motorist-tortfeasor, to recover the amount paid. The trial court dismissed plaintiff's suit on an exception of tort prescription, and the Fourth Circuit affirmed. The Fourth Circuit found that the case with which it was confronted was governed by Marquette Casualty Co. v. Brown, 1958, 235 La. 245, 103 So.2d 269. In Brown, a workmen's compensation insurer's demand for reimbursement against a tortfeasor was held prescribed by one year. Brown reasoned that no cause of action existed except that granted by the statute, R.S. 23:1101-1103, which was held to be but subrogation to the injured workman's tort claim. Having said this, Lawson then quotes R.S. 22:1406 D(4) and analogizes Subsection D(4) to R.S. 23:1101-1103 by quoting from and emphasizing pertinent portions of Section D(4) as follows:
"[i]n the event of payment to any person under [uninsured motorist coverage] .. the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person" against tortfeasor, etc. (Emphasis by Fourth Circuit.)
By emphasizing the words "to any person" and "of such person", obviously the Fourth Circuit was saying, and holding, that a subrogee cannot acquire a greater right that that which the subrogor had, albeit whether subrogee derives its rights from the workmen's compensation act or from the uninsured motorist statute.
*491 Liberty Mutual contends, however, that by the filing of suit against Brawner for its property damage claim, prescription was interrupted as to the claim for personal injuries paid to Ms. Ardoin. Liberty Mutual relies on La.R.S. 9:5801 which states that:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue."
We do not agree with Liberty Mutual. Assuming arguendo that Liberty Mutual became subrogated to the rights of Stella Ardoin, that right was a separate cause of action from that which Bordelon Motor Company had against defendant Brawner. The claims of Bordelon Motors and Stella Ardoin could not have even been brought in the same law suit, over objection by either, nor could Stella Ardoin have intervened in a suit by Bordelon Motors, and vice versa. Klotz v. Nola Cabs, Inc., 209 So.2d 158 (La.App. 4 Cir. 1968); Resor v. Mouton, 200 So.2d 308 (La.App. 4 Cir. 1967); St. Paul Fire & Marine Ins. Co. v. Standard Casualty & Surety Co., 3 So.2d 463 (La.App. 2 Cir. 1941).
Additionally, with reference to the date that prescription began to run, St. Paul Fire & Marine stated at Page 466:
"It is true that the right of action did not accrue until the date of payment, but nevertheless, the cause of action arose on January 20, 1939, which is the date when the prescriptive period began to run."
In interpreting LSA-C.C.P. Article 1091[4], Resor v. Mouton, supra, and Koltz v. Nola Cabs, supra, stand for the proposition that there are two distinct causes of action in a case such as the one at bar, one cause of action belonging to Bordelon Motor Company for property damage, and another cause of action for personal injuries belonging to Stella Ardoin. Resor and Klotz would not even permit an intervention by either one of the parties into a suit filed by the other, although in each of those two cases the causes of action of the various parties arose out of a single accident. In Klotz, the City of New Orleans attempted to intervene for property damage occasioned to a police car, in a suit in which Klotz sought to recover, from a tortfeasor, damages for personal injuries. The intervention was denied, and an exception of prescription was maintained (The intervention had been filed more than a year after the accident.), the court holding that the City of New Orleans had no right to intervene, because the causes of action were different; consequently, prescription had run.
In Resor, an action for personal injuries and property damage was filed by an automobile driver against a truck driver and the truck driver's employer, and the insurer of the truck. The owner of a building damaged as a result of the automobile-truck accident filed a petition for intervention. The Fourth Circuit held that the building owner could not intervene in the action, observing that the building owner-intervenor sought to introduce a new and unrelated "object" in the pending litigation.
For the foregoing reasons, we conclude that the trial court erred in overruling defendant's exception of prescription as to the claim of Liberty Mutual for the damages which it had paid to Stella Ardoin. Accordingly, we dismiss Liberty Mutual's claim for damages against defendant Brawner for the amounts which Liberty Mutual paid to said Stella Ardoin. We affirm the trial court's judgment in favor of Liberty Mutual for the amount of $763.81, representing the amount which Liberty Mutual claims for the property damage occasioned to the vehicle of Bordelon Motor Company.
The costs in the trial court are assessed equally against both plaintiff and defendant, *492 and the costs of this appeal are assessed against Liberty Mutual Insurance Company.
AMENDED, REVERSED IN PART, AND AFFIRMED IN PART.
NOTES
[1] Apparently based on the sum of the amounts paid to Bordelon Motor Co. for property damage, $763.81, and $3250.00 paid to Stella Ardoin for bodily injuries.
[2] We were very impressed, however, with another specification of error which defendant-appellant asserted, and that was that the burden of proof of Stella Ardoin's damages was not borne by Liberty Mutual. The only evidence of her injuries is her own testimony, and that of the police officer investigating the accident who stated that he had seen her once in the hospital on the day of the accident and that her arm was in a sling. No doctor's reports, testimony, or medical bills were introduced into evidence. For a case practically identical on this point, see Allen v. Baucum, 218 So.2d 662 (La.App. 4 Cir. 1969).
[3] By making this observation, we do not concede that had a valid subrogation agreement been executed on May 27, 1976, the running of prescription would have been interrupted. We are of the opinion that this fact would have made no difference in the outcome of this case.
[4] Art. 1091. Third person may intervene

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.