384 So.2d 455 (1980)
The HOME INDEMNITY COMPANY, Plaintiff-Appellant,
v.
CENTRAL LOUISIANA ELECTRIC COMPANY, et al., Defendants-Appellees.
TOLMAK, INC.
v.
SERVITRON, INC. and Home Indemnity Company.
Nos. 7497, 7498.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
Rehearings Denied June 18, 1980.
Scofield, Bergstedt, Gerard & Mount, Richard E. Gerard, Jr., Lake Charles, for intervenor-appellant.
Stafford, Stewart & Potter, Grove Stafford, Jr., Alexandria, for defendants-appellees.
Raggio, Cappel, Chozen & Berniard, Richard A. Chozen, Lake Charles, for plaintiffappellant.
Before CUTRER, STOKER and LABORDE, JJ.
*456 STOKER, Judge.
This appeal involves two consolidated actions in which Tolmak, Inc., seeks indemnity or contribution from Central Louisiana Electric Company (CLECO) and its insurer, Continental Casualty Company, and from Servitron, Inc., and its insurer, The Home Indemnity Company. The Home Indemnity Company brought one of the suits, and Tolmak, Inc., intervened in that suit against CLECO and Servitron, Inc., and their insurers.[1] The other action was brought by Tolmak, Inc., itself as principal plaintiff. The issues are:
(1) Whether Tolmak, Inc., may properly intervene to seek indemnity or contribution from CLECO and its insurer in the suit of The Home Indemnity Company v. Central Louisiana Electric Company (suit number 14,396 on the docket of the district court in Beauregard Parish and docket number 7497 in this Court of Appeal).
(2) Whether the original suit referred to in (1) above was abandoned on the ground that no steps were taken in its prosecution or defense within a five-year period. Resolution of this issue involves the further question of whether filing of the intervention was such a "step" in prosecution or defense that it would prevent the running of the five-year period.
Although two separate cases appear to be before us, and were consolidated in the trial court, and have traveled together to this court, the trial court rulings appealed from were made in the action bearing our docket number 7497 and the trial court docket number 14,396. Nothing is before us in the other suit which is entitled Tolmak, Inc. v. Servitron, Inc., et al., docket number 7498 on the docket of this court and docket number 17,049 in the trial court.[2] This appeal deals entirely with procedural matters, and much of the factual background of the case consists of its procedural history.

PARTIES TO APPEAL
Upon joint petition of appeal in both actions filed by Tolmak, Inc., and The Home Indemnity Company, the trial court granted a devolutive appeal to both parties. Tr. 147-148 (appeal number 7497) and Tr. 85-86 (appeal number 7498). (See Footnote 2.) The appellees are CLECO and Continental Casualty Company.

FACTS
Clarence Pullard and Milton Johnson were injured on August 26, 1969, while working in Beauregard Parish as employees of Servitron, Inc. Servitron, Inc., was constructing a railroad line in pursuance of a contract with Tolmak, Inc. The Home Indemnity Company paid workmen's compensation benefits to Clarence Pullard and Milton Johnson. Pullard brought a tort suit in the United States District Court in Texas against numerous parties. Judgment was rendered in that Texas federal suit against Tolmak, Inc., in the amount of $144,955.70. Tolmak, Inc., satisfied the judgment by paying Pullard $156,655.41. CLECO was not a party to the federal suit in Texas.
On August 21, 1970, The Home Indemnity Company filed suit number 14,396 in Beauregard Parish against CLECO to recover workmen's compensation which Home had paid to Pullard on behalf of Servitron, Inc. While not important to the issues in this case, other parties were sued by Home in suit number 14,396. CLECO and Continental Casualty Company, insurer of CLECO, *457 filed an answer to Home's suit number 14,396. Certain other defendants were voluntarily dismissed on motion of Home on May 26, 1971. Tr. 16.
No further action occurred in suit number 14,396 until April 2, 1975. On that date Tolmak, Inc., filed an intervention claiming indemnity or contribution from Servitron, Inc., The Home Indemnity Company (liability carrier for Servitron, Inc.) and CLECO. Also on April 2, 1975, Tolmak, Inc., filed suit number 17,049 in Beauregard Parish styled "Tolmak, Inc. v. Servitron, Inc. and Home Indemnity Company". In that suit Tolmak, Inc., made claims for contractual indemnity, tort indemnity and tort contribution.

DEFENSES FILED IN RESPONSE TO THE CLAIMS OF TOLMAK, INC.

SUIT NUMBER 14,396
May 9, 1975:
CLECO filed an exception of prescription to the intervention of Tolmak, Inc. (Tr. 23)
June 11, 1975:
The Home Indemnity Company filed a motion for summary judgment as to the intervention of Tolmak, Inc. (Tr. 25)

SUIT NUMBER 17,049
June 11, 1975:
Servitron, Inc., and The Home Indemnity Company filed a motion for summary judgment. (Tr. 7)
(On October 26, 1976, the motions for summary judgment filed in the two suits on June 11, 1975, were denied by the trial court.[3] Tr. 82 in the appeal number 7497 and Tr. 64 in appeal number 7498.)

SUIT NUMBER 14,396
August 8, 1977:
CLECO and Continental Casualty Company filed an answer and exception of prescription of one year (Tr. 91) in suit number 14,396 in response to a First Supplemental and Amending Petition filed by The Home Indemnity Company on August 2, 1977, for judgment over against CLECO and Continental in the event Tolmak, Inc., should be granted judgment on its intervention. (The claim for judgment over was made with reference to the intervention in suit number 14,396 and the separate suit represented by suit number 17,049.)
October 26, 1978:
CLECO and Continental Casualty Company filed the following defenses:
1. Exception of no cause of action "and/or" no right of action directed to the claims for judgment over filed by The Home Indemnity Company. (Tr. 129)
2. Exception of improper use of intervention procedure directed to Tolmak's intervention. (Tr. 134)
3. Motion to dismiss the main demand of The Home Indemnity Company for lack of prosecution, that is, abandonment for fiveyears. (Tr. 136)

ACTION OF THE TRIAL COURT
On June 22, 1979, the trial court handed down written reasons for judgment (Tr. 140 in appeal number 7497 and Tr. 75 in appeal number 7498) and rendered judgment the same day in which the following rulings were given:
1. Granted the motion of CLECO and Continental to dismiss the main demand (in suit number 14,396) for lack of prosecution.
2. Sustained the exception of improper use of intervention procedure filed by CLECO.
3. Overruled the exception of prescription of one year filed by CLECO and Continental Casualty on August 8, 1978, to the intervention of Tolmak, Inc.
*458 4. Overruled the exceptions of no right of action and no cause of action filed by CLECO.

ISSUES ON APPEAL
A joint appeal was taken in the consolidated suits by The Home Indemnity Company as plaintiff in suit number 14,396 and Tolmak, Inc., as intervenor in suit number 14,396 and plaintiff in suit number 17,049. (Tr. 147 in appeal number 7497 and Tr. 80 in appeal number 7498.)
Appellant Tolmak, Inc., set forth as specifications of error the trial court's (1) dismissal of suit number 14,396 on the ground of lack of prosecution for five years and (2) dismissal of the intervention of Tolmak, Inc., as improper because it was unrelated to the main demand.
Appellant The Home Indemnity Company filed no brief in this court, and therefore set forth no specification of errors. By letter, counsel for Home advised this court that Home and Servitron, Inc., adopted the brief filed on behalf of appellant, Tolmak, Inc. (Servitron, Inc., is not an appellant.) Home evidently appeals from the dismissal of its suit number 14,396 on the ground of lack of prosecution.
No appeal or answer to the appeal was filed by CLECO or its insurer, Continental Casualty Company. CLECO and Continental were the only parties aggrieved by the overruling of the exception of prescription and the exception of no cause "and/or" no right of action. As these parties have not complained on appeal as to those trial court rulings, and those issues were not briefed by them, those issues are not before us. The brief of Tolmak, Inc., (adopted by Home Indemnity Company) addresses the one-year prescription issue, but, as the issue is not before us, we do not address it. We only address the questions of improper intervention and abandonment for lack of prosecution.
The net result of the intricate procedural history traced above is that we do not have any issues before us in suit number 17,049, appeal number 7498.

ISSUE OF IMPROPER USE OF INTERVENTION
Appellant, Tolmak, Inc., refers us to no authorities in its brief to support its right to intervene in the suit of The Home Indemnity. The trial court's written reasons for judgment are limited to the following (Tr. 77 in appeal number 7498) on this question.
Home sued for recovery of compensation benefits it had paid, and based it upon subrogation rights. Tolmak's claim on the other hand, is for recovery of the amount it was required to pay in settlement of the judgment secured in the tort action. That intervention is improper for the reason that it is unrelated to the main demand.
Article 1091 of the Louisiana Code of Civil Procedure provides as follows:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
Appellant's brief on the right to intervene sets forth the following, which, as noted above, contains no citations of authority which would assist us in interpreting LSA-C.C.P. art. 1091:
Clarence Pullard's claim against Tolmak, Inc. arose by virtue of an alleged tort committed by Tolmak which resulted in injury to Pullard. As a result of the injury, Pullard was paid workman's compensation benefits by his employer's workman's compensation carrier, The Home Indemnity Company. As a result of payment of those benefits, Home Indemnity was subrogated to the rights of Clarence Pullard against Tolmak, Inc., to the extent of those payments. Home Indemnity *459 exercised its right of subrogation by filing Suit No. 14396 against Central Louisiana Electric Company. In that lawsuit, Home Indemnity alleged that CLECO was negligent and that its negligence was a proximate cause of the damages suffered by Clarence Pullard. Although CLECO was not named as a party defendant in Pullard's federal suit in Texas, it was certainly amenable to suit in Beauregard Parish by either Pullard himself or The Home Indemnity Company to the extent of its subrogation.
After the judgment in the federal suit in Texas against Tolmak became final, Tolmak intervened in the pending lawsuit in Beauregard Parish in an effort to obtain contribution or indemnity from CLECO. The demands of The Home Indemnity Company and Tolmak, Inc., in Suit No. 14396 arose from the same accident and were both predicated on the same acts of negligence alleged to have been committed by CLECO. The trial court was in error in holding that the intervention was not related to the main demand.
The above is the sole argument offered by appellant on its right to intervene. The essence of appellant's argument is contained in the second to last sentence. That argument is that Home's subrogation claim and Tolmak's claim for indemnity or contribution are founded on the same accident and the same acts of negligence allegedly committed by CLECO which caused injury to Clarence Pullen. We agree with this position as we shall demonstrate.
Appellee, CLECO, urges that resolution of the question should focus on the language of LSA-C.C.P. art. 1091 which requires that the third party's intervention must seek "to enforce a right related to or connected with the object of the pending action." One of the three forms through which this may be done is the first stated in Article 1091: "Joining with plaintiff in demanding the same or similar relief against the defendant." (Emphasis supplied) The plaintiff is The Home Indemnity Company which seeks to recover from CLECO, in a tort suit, workmen's compensation paid to the injured employee. CLECO's liability rests upon any tort liability it may have for the employees' damages resulting from injury. Tolmak was required to pay these damages in the Texas suit to the employee. Tolmak claims it is entitled to full indemnity in tort from CLECO as the party actually at fault under circumstances in which Tolmak was only technically or constructively at fault. Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (La.1922). Tomak, Inc., also claims contractual rights to indemnity. Alternatively, Tolmak, Inc., claims CLECO would owe contribution as a joint tort feasor. LSA-C.C. art. 2103.
The question to be answered is: Did Tolmak, Inc., in its intervention, join with the plaintiff (Home) in demanding the same or similar relief against CLECO? CLECO states it has found no cases covering the precise facts of this case. It urges, however, that we addressed a similar situation in Liberty Mutual Insurance Company v. Brawner, 353 So.2d 487 (La.App. 3rd Cir. 1977). CLECO points to certain dicta language in that case. That case did not involve an intervention or an interpretation of LSA-C.C.P. art. 1091. The issue was prescription of a claim for uninsured motorist benefits asserted in a suit filed earlier for property damages.
In the Brawner case, Stella Ardoin was a passenger in a vehicle owned by Bordelon Motors, Inc., and insured by Liberty Mutual Insurance Company. Liberty Mutual filed suit against the driver of the other vehicle involved, Brawner, asserting its subrogated claim for property damages. More than one year after the accident, Liberty Mutual amended its petition to seek recovery for uninsured motorist benefits paid to Ardoin. As the basis for one of its reasons for concluding that the amending petition was prescribed, this Court stated at page 491 as follows:
Assuming arguendo that Liberty Mutual became subrogated to the rights of Stella Ardoin, that right was a separate cause of action from that which Bordelon Motor Company had against defendant Brawner. *460 The claims of Bordelon Motors and Stella Ardoin could not have even been brought in the same lawsuit, over objection by either, nor could Stella Ardoin have intervened in a suit by Bordelon Motors, and vice versa. (Emphasis supplied)
Of the three cases cited after the italicized dicta statement in Brawner, two are pertinent to the point at issue here. Klotz v. Nola Cabs, Inc., 209 So.2d 158 (La.App. 4th Cir. 1968) and Resor v. Mouton, 200 So.2d 308 (La.App. 4th Cir. 1967). These cases made a very restrictive application of LSA-C.C.P. art. 1091. We need not discuss them, for this circuit has specifically declined to follow them, Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350 (La.App. 3rd Cir. 1968), and the Court of Appeal for the Fourth Circuit has specifically overruled Resor v. Mouton, supra, in Gallin v. Travelers Insurance Co., 323 So.2d 908 (La.App. 4th Cir. 1975), writ refused 329 So.2d 452 (La.1976). The case of Klotz v. Nola Cabs, Inc., supra, was not actually on point and merely contained a dicta statement with reference to an intervention for which the Resor case was cited as authority.
The primary authority for the more liberal interpretation of LSA-C.C.P. art. 1091, on the right of a third party to intervene, is the Bellow case referred to above, decided by this court in 1968 at 215 So.2d 350. Taking specific note of Resor and Klotz cases from the Fourth Circuit, this court rejected them and the restrictive approach. Instead, in Bellow, this court concluded that LSA-C.C.P. art. 1091, as written by the redactors of the Louisiana Code of Civil Procedure, was to be given a broad interpretation. In Gallin the Fourth Circuit noted our decision in Bellow, and decided to reject the restrictive approach of Resor and adopt the broad approach of Bellow.
In City of Natchitoches v. State, 221 So.2d 534 (La.App. 3rd Cir. 1969) this court further elaborated on LSA-C.C.P. art. 1091. There we stated that in adopting the Code of Civil Procedure in 1960, Louisiana enlarged the right of intervention and discarded the stricter tests for intervention established in the 1870 Code of Practice. We cited Bellow for our statements in this regard. We again mentioned Bellow in Texas Gas Transmission Corporation v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir. 1969). In Gagnard we stated:
The Bellow decision notes the general policy of the 1960 Code to favor efficiency of judicial administration and to avoid a multiplicity of suits requiring multiple trials concerning the same facts. A similar policy is instanced by the Code's provision strengthening the right of two or more parties to cumulate their actions where there is a community of interest arising out of their presenting the same factual issues. LSA-CCP Art. 463 (see especially Official Revision Comment (c)).
The Bellow decision and others are seen by some authorities as broadening LSA-C. C.P. art. 1091 to provide, jurisprudentially, a device similar to the cross-claim of federal practice.[4] Briefly, the facts of the Bellow case were as follows. Bellow was a passenger in a bus which collided with a parked truck. Bellow sued the bus driver, Guillory, and the operator of the parked truck Joseph. Guillory then filed a pleading in which he sought judgment against Joseph and his employer to recover for damages to his truck and loss of income while it was being repaired. At the trial on the merits, the negligence of the truck operator, Joseph, was held to be the sole cause of the accident. On appeal it was contended that Guillory, the bus driver, could not recover from the truck operator because no procedural device permitted one defendant to recover his own damages from a co-defendant. (This would amount to a cross-claim.) Guillory's pleading was treated as an intervention. As such this court held that, with respect to the claim of the plaintiff (Bellow) against the truck operator (Joseph), the bus driver (Guillory) was a "third person" within the contemplation of LSA-C.C.P. art. 1091. Finding that Article 1091 provided a greatly broadened right of intervention, Guillory was permitted to intervene because *461 his claim arose out of the same facts and negligence as were asserted by the plaintiff in his principal demand against the truck operator.
In Bellow this court stated its application of the intervention article and its policy considerations as follows:
In our view, LSA-C.C.P. Article 1091 has broadened and thus increased the usefulness of the remedy of intervention. No longer is it essential that the intervenor have such a direct interest in the pending action that he will obtain immediate gain or suffer immediate loss. Now it is sufficient that he have a justiciable right "related to or connected with the object of the pending action against one or more of the parties thereto." To enforce this right he may proceed in one of the three ways listed in the code article. * * * In his capacity as intervenor, Guillory is a third person having an interest in the pending action. He seeks to enforce his own justiciable right to damages which arose out of the same accident. He does this by joining with the plaintiff in demanding similar relief against the other defendants.
This result serves the interests of justice and judicial administration. It tends to avoid a multiplicity of litigation and all of the evils attendant thereto.
In view of the foregoing discussion we find that intervention could properly be used by Tolmak, Inc., to assert its claim against CLECO. We find there was sufficient connexity between that claim for indemnity or contribution from CLECO and the principal or main demand of The Home Indemnity Company for recovery of workmen's compensation paid to Clarence Pullard. Both claims arose out of the same accident and rest upon the same alleged acts of negligence of CLECO. Therefore, Tolmak's intervention seeks "to enforce a right related to or connected with the object of the pending action." Tolmak, Inc., seeks to join Home "in demanding similar relief against the defendant, CLECO."[5]
For the foregoing reasons we reverse that portion of the trial court's judgment which holds that the intervention was improper.

ISSUE OF ABANDONMENT FOR LACK OF PROSECUTION
The Home Indemnity Company filed suit number 14,396 on August 21, 1970. Tolmak, Inc., filed its intervention in that suit on April 2, 1975. CLECO and Continental Casualty filed their motion to dismiss for lack of prosecution for five years under LSA-C.C.P. art. 561 on October 26, 1978. Mover alleged that the last step in the prosecution or defenses of suit number 14,396 was on May 26, 1971. On that date The Home Indemnity Company, plaintiff in suit number 14,396, voluntarily dismissed two of the original defendants, Boise Cascade Corporation and Employers Mutual Liability Insurance Company of Wisconsin. Tr. 16. It is apparently conceded that May 26, 1971, was the last date on which any step was taken in the prosecution or defense of Home's action prior to the filing of the intervention by Tolmak, Inc. Therefore, unless the filing of the intervention and various other responses and filings constituted such a step or steps, the action was abandoned.
CLECO and Continental Casualty Company contend that intervention was not a step in the proceedings in suit number 14,396. Tolmak, Inc., and apparently The Home Indemnity Company, take the opposite position.
The critical codal provision in Article 561 of the Louisiana Code of Civil Procedure, which provides:
An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.

*462 An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for a period of five years; and the appellate court shall dismiss the appeal summarily.
Appellants, Tolmak, Inc., and The Home Indemnity Company, rely upon Prall v. Peet's Curator, 3 La. 274 (1832) and Richardson v. Emmons, 250 So.2d 454 (La.App. 1st Cir. 1971), writ denied, 259 La. 776, 252 So.2d 670 (La.1971). It is urged that Prall stands for the proposition that an intervention effects an interruption of prescription even though the intervention is improperly brought. Richardson v. Emmons, supra, is relied upon for the same proposition. We agree that the holding of these cases should have application here.
A Louisiana Supreme Court case, in our opinion, provides an interpretation of LSA-C.C.P. art. 561 which has applicability in the situation before us. The case is Reed v. Pittman, 257 La. 389, 242 So.2d 554 (La. 1970). This case held that where separate suits are consolidated for trial, steps in the prosecution or defense of the consolidated proceedings are taken, not only in the principal suit, but also in others consolidated for trial with it. Suit One was a suit by a subcontractor, Reed, against the principal contractor, Pittman, for money allegedly due on the subcontract. Pittman had filed Suit Two against the owner of a housing construction project (HANO) to recover for all materials furnished and all work performed by Pittman and its subcontractors, including Reed. On an ex parte motion of Pittman the two suits were consolidated as related suits. Pittman brought a third party action against Reed in Suit Two for defective work in the subcontract. Reed reconvened in Pittman's suit for what he had sued for in Suit One. Pittman recovered against HANO, but for some reason the trial court failed to pass on Reed's claim against Pittman. When Reed attempted, after the conclusion of proceedings in the consolidated trial, to proceed in his Suit One, Pittman defended on the ground that Suit One had been abandoned for lack of prosecution over five years. The trial court and the Court of Appeal sustained Pittman's position. The Supreme Court disagreed and reversed.
The joining of Tolmak's claim with Home's claim by Tolmak's intervention in Home's original suit produces a stronger case than a situation involving consolidated suits as was the case in Reed v. Pittman.[6]
After the filing of the intervention on April 2, 1975, various actions were taken in suit number 7497. On June 11, 1975, The Home Indemnity Company filed a motion for summary judgment seeking to have the intervention dismissed. Tr. 25. In that motion, The Home Indemnity Company appeared as insurer of Servitron, Inc., one of the parties from whom Tolmak, Inc., seeks indemnity on contribution. Apparently this is the motion for summary judgment rejected by the trial court in written reasons rendered on October 26, 1976. Tr. 85. Thereafter, on August 2, 1977, The Home Indemnity Company filed a First Supplemental and Amending Petition for judgment over against CLECO and Continental Casualty Company. Tr. 90. On August 8, 1977, CLECO and Continental filed their exception of prescription and answer to the First Supplemental and Amending Petition just mentioned. Tr. 91. On April 18, 1978, CLECO moved for an order to show cause why there should not be a continuance of the hearing on the exception of prescription (set for May 2, 1978) until June 20, 1978. Tr. 104. On April 21, 1978, The Home Indemnity Company filed an answer to the intervention of Tolmak, Inc. The motion to dismiss for lack of prosecution apparently was filed on October 26, 1978. (See filing *463 date indicated by the deputy clerk of court on the memorandum filed with the motion as appears in the record on transcript page 139.)
For the foregoing reasons the trial court was in error in holding that the suit of The Home Indemnity Company against CLECO and Continental Casualty Company, suit number 14,396, was abandoned under LSA-C.C.P. art. 561. That suit is still viable as a result of the intervention and the subsequent activity in the litigation outlined above.
Therefore, the trial court is reversed insofar as the issues on appeal are concerned, namely, the question of whether Tolmak, Inc., could properly intervene in suit number 14,396 and whether the suit had been abandoned. The case, together with suit number 17,049, is remanded to the district court for further proceedings consistent with the holdings in this opinion. All costs of this appeal shall be paid by Central Louisiana Electric Company and Continental Casualty Company.
REVERSED AND REMANDED.
NOTES
[1] Other parties were involved in the original suit brought by The Home Indemnity Company, but they are not involved in this appeal.
[2] In the trial court (30th Judicial District Court for the Parish of Beauregard) a "Joint Petition For Appeal in Consolidated Cases" was filed by The Home Indemnity Company and Tolmak, Inc. The latter petitioned for, and was granted, an appeal as intervenor in district court suit number 14,396 and as plaintiff in suit number 17,049. Both cases, therefore, came up on appeal and were consolidated in this court. As will be explained in this opinion, the issues on appeal do not involve any issues in district court suit number 17,049, which is on our docket as number 7498. At least one issue was involved in the trial court's considerations and rulings, but nothing in that suit is before us. Therefore, no separate opinion will be rendered in appeal number 7498 entitled "Tolmak, Inc. v. Servitron, Inc."
[3] These motions were based on the allegations that Servitron, Inc., as employer of Clarence Pullard, had no tort liability for his injury, and The Home Indemnity Company, as its insurer, had none. Therefore, it was urged that they could not owe indemnity or contribution to Tolmak, Inc. The motions for summary judgment were denied on the ground that material issues of fact existed as to whether Servitron, Inc., owed contractual indemnity to Tolmak, Inc.
[4] 30 La.L.Rev. 296 (1970); 37 La.L.Rev. 529 (1977) and 38 La.L.Rev. 507 (1978).
[5] Cf. Andrus v. Police Jury of Parish of Lafayette, 266 So.2d 535 (La.App. 3rd Cir. 1972).
[6] The principle involved as it applies here is not affected by the dissenting opinion in Reed v. Pittman, supra, filed by Mr. Justice Barham. Two points were made in the dissent. The first was that it was not certain that there had actually been a consolidation of the two suits; if no consolidation had taken place, then abandonment took place as to Suit One. On the other hand, if consolidation did occur, then the failure of the trial court to rule on Reed's claim acted as a dismissal of it, or Reed was at fault for having failed to timely present a judgment for signature.