STOKER, Judge.
In this appeal we are concerned with two consolidated eases which involve claims arising out of an accident which occurred at a railroad construction site.[1] Pretrial motions in these cases have been, previously considered by this Court in Home Indemnity Company v. Central Louisiana Electric Company, 384 So.2d 455 (La.App. 3rd Cir. 1980), writ denied 392 So.2d 664 (La.1980).
The claims flow from tort recovery by Clarence Pullard against Tolmak, Inc. (Tol-mak). Pullard sustained electrical shock and burns when a hydraulic crane operated by an employee of Servitron, Inc. (Servi-tron) struck an electrical line belonging to Central Louisiana Electric Company (CLE-CO). Pullard is not a party to these suits. The claims which we are called upon to consider are the adjustment of the ultimate impact of the claims among allegedly responsible parties. Pullard recovered tort damages from Tolmak in a separate suit in federal court which it seeks to shift by indemnity or contribution to CLECO and Servitron.
The trial court found in favor of CLECO and exonerated it of any responsibility, and Tolmak complains in this appeal of that ruling. The trial judge found in favor of Tolmak in its claim against Servitron, and Servitron also appeals. Although CLECO was completely exonerated by the trial court, it has answered the appeal along with its insurer, Continental Casualty Com *1166 pany (Continental), complaining that the trial court did not dispose of the matter on grounds not involving the merits of the case. The trial court judgment dismissing the claim of Home Indemnity Company for reimbursement of worker’s compensation benefits has not been appealed.
We affirm the trial court on its ruling with reference to the merits of the case. Although the other matters of which CLE-CO and Continental complained may have merit, we do not consider them in view of the fact that the case has gone to trial and the merits disclose no liability on the part of CLECO or Continental.
FACTS
Clarence Pullard was injured on August 26, 1969, while working in Beauregard Parish as an employee of Servitron. Servitron was constructing a railroad line pursuant to a contract with Tolmak. Pullard brought a tort suit in the United States District Court in Texas against numerous parties. Judgment was rendered in that Texas federal suit against Tolmak in the amount of $144,-955.70. Tolmak satisfied the judgment by paying Pullard $156,655.41. CLECO was not a party to the federal suit in Texas.
On August 21,1970, the Home Indemnity Company filed suit No. 14,396 (Appeal 83-173) in Beauregard Parish against CLECO, Continental and others to recover worker’s compensation which Home had paid to Pul-lard on behalf of Servitron. Tolmak intervened in this suit on April 2, 1975 against CLECO, Servitron and Home as Servitron’s liability insurer, seeking indemnity or contribution for the sum paid to Pullard in satisfaction of the tort judgment granted by the federal court. On that same date, Tolmak also filed suit No. 17,049 in Beauregard Parish seeking the same relief as it sought in the intervention but solely against Servitron and Home. This is appeal No. 83-174.
The cases were consolidated and ultimately tried resulting in judgment as set out above. Although Servitron is an appellant in this matter, it makes no argument on the issue of its own liability. Servitron asserts only the following in its brief:
“Servitron’s obligation to indemnify Tol-mak, Inc. for the moneys paid to Clarence Pullard as a result of the judgment rendered in Federal District Court in Texas, rises and falls with Tolmak’s right to indemnity from Central Louisiana Electric Company. Therefore, Servitron, Inc., for purposes of this appeal, adopts and joins with Tolmak in its appellant brief filed in support of its appeal from the judgment rendered in Consolidated Appeal No. 83-173, ‘The Home Indemnity Company v. Cleco, et al,’ on appeal from the 36th Judicial District Court, Parish of Beauregard.”
Because we find that Tolmak is not entitled to indemnity from CLECO, we affirm the judgment in favor of Tolmak and against Servitron which was based on an explicit indemnity clause in the contract between Tolmak and Servitron. The validity of this judgment is not argued by Servi-tron except to the extent that it joins with Tolmak in arguing that CLECO was responsible for the accident.
LIABILITY OF CLECO
As to CLECO, the trial court held: “Under the circumstances of this case I fail to see how anything that Cleco did, or omitted to do, amounted to negligence which was a proximate cause of the accident.”
We do not find this holding to be clearly wrong.
The electrical line involved in the accident was constructed by CLECO in accordance with a request by the Boise Cascade Corporation, owner of a paper mill under construction close by. The line was installed to service a guard shack. At the time the line was erected, the evidence indicates that the area was wood and pasture land. Construction of the railroad had not yet begun. According to the National Electrical Safety Code, clearance for the 19,200 volt line involved here would be seventeen feet prescribed for wood and pasture land. Just after the accident, the line was meas *1167 ured by Servitron employees to be nineteen feet four inches from the ground and by a CLECO employee to be twenty feet four inches. An electrical engineer for CLECO testified that at the time of construction the line should have been approximately twenty-three and one-half feet from the ground. Testimony that the ground level had been raised about two feet during construction of the railroad accounts for some of the difference between the constructed height of the line and its height at the time of the accident.
Correspondence between CLECO and Servitron prior to the beginning of construction of the railroad dealt with the necessity of raising three particular lines owned by CLECO. These lines did not include the one involved in this accident, nor was it included in the surveys of the construction area admitted into evidence at trial.
There is no recommended height in the ■ National Electrical Safety Code for lines in construction areas. The recommendation for operating railroads is twenty-two feet if no persons are expected to ride on top of the railroad cars and thirty feet if they are expected to ride on top of the cars. At the time of the accident, the crane which came into contact with the line was being used by Servitron to lay the rails. The railroad was not yet in operation.
Tolmak argues that CLECO had notice of construction in the area and had a plat showing the route of the track under construction. Tolmak also urges that CLECO should have known that boom trucks such as the one involved in the accident would be used in the construction and should have taken steps to warn the workers, de-ener-gize the line, or raise it beyond the reach of construction equipment.
Apparently CLECO did have a plat prepared by Servitron showing the proposed route of the railroad. However, that plat specifically indicated the electrical lines which Servitron wanted raised. Tolmak’s argument appears to be based on the position that CLECO had a duty to go out and inspect the construction site to be sure that all lines in the area were either made safe or brought to Servitron’s attention. We do not agree. Nor do we find that CLECO was in a position to know the type of equipment used for constructing railroads.
Tolmak also argues that CLECO had notice of the type of construction being conducted under the line because its employee, Reevel Veillon, had frequently traveled along the road next to the construction site and had observed the construction in progress under the line. Mr. Veillon testified that there was a lot of construction going on in that area and his statements do not show that he particularly noticed the construction activity under the line involved here or the type of equipment being used in that particular spot. His presence around the construction area is not sufficient to put CLECO on notice of a dangerous situation.
CONCLUSION
The trial judge was not clearly wrong in finding that CLECO was in no way responsible for this accident and that it was caused by the negligence of Servitron’s superintendent and foreman. Tolmak was properly awarded indemnity from Servitron based on the explicit indemnity clause in the contract between them.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between appellants, Tolmak, Inc. and Servitron, Inc.
AFFIRMED.

. The other case consolidated in this appeal is Home Indemnity Company v. Central Louisiana Eiectric Company, et ai., 435 So.2d 1168 (La. App. 3rd Cir.1983).