215 So.2d 350 (1968)
Audrey BELLOW
v.
NEW YORK FIRE & MARINE UNDERWRITERS, INC., L. B. Guillory, Intervenor and Appellant.
No. 2456.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
*351 Dubuisson & Dubuisson, by William Brinkhaus, Opelousas, for defendant-third party plaintiff-appellant.
Mouton, Champagne & Colomb, by Welton P. Mouton, Sr., Lafayette, for third party defendants-appellees.
Richard B. Millspaugh, Opelousas, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This litigation arises out of an accident in which a bus, occupied by workmen, ran into the rear of a large truck, which stopped *352 on the highway. Initially, the plaintiff, Audrey Bellow, a passenger on the bus, filed this suit for damages for personal injuries against the bus driver, L. B. Guillory, and his insurer, New York Fire & Marine Underwriters, Inc. These two defendants filed a third party demand against the driver of the truck, Dennis A. Joseph, and his employer, Philip Carey Manufacturing Company, Inc. The original plaintiff, Bellow, then filed a supplemental petition naming Joseph and his employer as additional defendants in the principal action.
The original defendant, L. B. Guillory, then filed an unusual petition styled "Supplemental and Amending Third Party Petition" against his co-defendants, Joseph and Carey Manufacturing Company for damages to his bus and loss of income while it was being repaired.[1] To this petition Joseph and his employer first filed only an answer, generally denying negligence.
After a trial on the merits, the district judge found that the accident was caused solely by the negligence of the truck driver, Joseph. Accordingly, the plaintiff Bellow was awarded judgment against Joseph and his employer. This judgment has been paid and is no longer an issue in the case.
As to Guillory's "Supplemental and Amending Third Party Demand" against Joseph and his employer for damages, the district judge held that although Guillory "should have styled his pleadings otherwise" he would be allowed to recover except that he failed to introduce any evidence to prove the amount of his damages. Judgment was rendered accordingly, rejecting Guillory's claims.
Guillory then moved for a new trial to introduce evidence of his damages. Joseph and Carey Manufacturing Campany filed an exception of no right or cause of action on the grounds that a defendant cannot use the third party demand to recover his own damages from his co-defendants. The trial judge denied the motion for a new trial and hence did not reach a consideration of the problems presented by the exception. Guillory has now appealed.
The first issue is whether Guillory's independent claim for damages against his co-defendants, Joseph and Philip Carey Manufacturing Company, Inc., may be considered in these proceedings. We have concluded that the petition which Guillory improperly styled "Supplemental and Amending Third Party Petition" is actually a petition of intervention in a pending suit.
Applicable here is the rule that: "The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they really are, and not for what their authors designate them. A court should not eject a justiciable cause merely because it is dressed in the wrong coat." Succession of Smith, 247 La. 921, 175 So.2d 269 (1965); LSA-C.C.P. Article 865.
Guillory's "Supplemental and Amending Third Party Petition" is not a third party demand. Under LSA-C.C.P. Article 1111, the defendant in the principal action may file such a demand only against another person "who is or may be liable to him for all or part of the principal demand." (emphasis supplied). In the petition in question, Guillory does not seek to make Joseph and his employer liable on the principal demand. He seeks to recover from them his own damages.
In our view, Guillory's petition is really an intervention. LSA-C.C.P. Article 1091 reads as follows:
"A third person having an interest therein may intervene in a pending action *353 to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
"(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
"(2) Uniting with defendant in resisting the plaintiff's demand; or
"(3) Opposing both plaintiff and defendant."
A reading of the Official Revision Comments under LSA-C.C.P. Article 1091 and certain commentaries written mostly by Professor Henry G. McMahon, co-ordinator and reporter in the redaction of the new code, convinces us that this new article changes the prior law. Former Code of Practice Article 390 required the intervenor "to have an interest in the success of either of the parties to the suit, or an interest opposed to both." Certain jurisprudence under that article construed the required interest as a direct one, by which the intervenor would obtain immediate gain or suffer immediate loss. United Gas Pipe Line Company v. Louisiana Public Service Commission, 241 La. 687, 130 So.2d 652 (decided in 1961 but controlled by the old Code).
In the Official Revision Comment under LSA-C.C.P. Article 1091, the source of the two paragraphs of the new article are traced and then this statement is made:
"Collectively, these two paragraphs provide a workable formula: a third person having a justiciable right related to or connected with the object of the principal suit may enforce that right through intervention. This concept and the provisions of Art. 389 of the 1870 Code of Practice have been combined in the above article."
In Commentaries On The Work Of The Louisiana Supreme Court For The 1958-1959 Term, Civil Procedure, 20 La.Law Review 298 (1960), Professor McMahon discusses Emmco Insurance Company v. Globe Indemnity Company, 237 La. 286, 111 So.2d 115 (1959). In that case, involving an intersectional collision, the owner of one car and his subrogated collision insurer filed suit against the liability insurer of the owner of the other car, under the direct action statute. The owner of the second car intervened for his own damages. An exception was filed on the grounds that this was not a proper intervention. The Court of Appeal disallowed the intervention on the grounds that it could not meet the test that dismissal of the main demand necessitates dismissal of the intervention. The Supreme Court reversed, holding that if it were not for the direct action statute, the intervenor would be an indispensable party defendant to the plaintiff's suit and hence under these circumstances the rule stated should not apply. In commenting on the Emmco case, Professor McMahon points out that it was decided before the effective date of the new Code of Civil Procedure and "the same result as that reached by the Supreme Court would obtain under the broader and more liberal rule enunciated in the proposed new code." For an expression of similar views, see also the Case Notes in 20 La.Law Review 165 and 33 Tul.Law Review 414; The Work Of The Louisiana Supreme Court For The 1960-1961 Term, Civil Procedure, by Henry G. McMahon, 22 La.Law Review 371 (commenting on United Gas Pipe Line Company v. Louisiana Public Service Commission, 241 La. 687, 130 So.2d 652 (1961)).
In our view, LSA-C.C.P. Article 1091 has broadened and thus increased the usefulness of the remedy of intervention. No longer is it essential that the intervenor have such a direct interest in the pending action that he will obtain immediate gain or suffer immediate loss. Now it is sufficient that he have a justiciable right "related to or connected with the object of the pending action against one or more of the parties thereto." To enforce this right he may *354 proceed in one of the three ways listed in the code article.[2]
Applying our construction of LSA-C.C.P. Article 1091 to the present case, we conclude that Guillory's improperly styled "Supplemental and Amending Third Party Petition" is really an intervention in the pending action. In his capacity as intervenor, Guillory is a third person having an interest in the pending action. He seeks to enforce his own justiciable right to damages which arose out of the same accident. He does this by joining with the plaintiff in demanding similar relief against the other defendants.
This result serves the interests of justice and judicial administration. It tends to avoid a multiplicity of litigation and all of the evils attendant thereto. For instance, in the present suit if Guillory cannot intervene in this pending action in St. Landry Parish (which has venue by virtue of this being the parish of defendant Guillory's domicile) he would probably have to go to Pointe Coupee Parish, where the accident occurred, and file suit there against Joseph and Carey Manufacturing Company. This would cause additional litigation, more expense, longer delay and could possibly result in a different decision in that court as to negligence.
It is true that the result which we have reached could in some cases deprive the defendant in intervention of his right to venue, such as to be sued at his domicile, LSA-C.C.P. Article 42. But, the general policy of the Code of Civil Procedure is that in incidental actions considerations of venue should yield to the interests of judicial administration. LSA-C.C.P. Article 1034.
The next issue is negligence. Although the testimony is somewhat in conflict, we find no manifest error in the following facts found by the trial judge. The accident occurred on U.S. Highway 190, a four-lane throughfare running generally east and west. Guillory was driving his bus in an easterly direction in the right-hand lane of traffic. Desiring to pass several eastbound vehicles in this lane, including the truck driven by Joseph, Guillory entered the left-hand lane. He passed several, but as he came abreast of the Joseph truck, it speeded up. Joseph then suddenly and without any signal cut into the left-hand lane ahead of the bus and came to an abrupt and unsignaled stop at or near a crossing between the eastbound and westbound lanes of traffic. Guillory applied his brakes but was unable to stop in time to avoid a collision. He could not enter the right-hand lane of traffic because of other eastbound vehicles in that lane. Under these facts, the sole cause of the accident was the negligence of Joseph.
The next question is whether Guillory introduced sufficient evidence to support his demand. He prayed for $1,050, representing 3 weeks loss of use of his bus at $350 per week; the sum of $100 representing the deductible portion of his collision insurance policy; and $280.36 representing *355 the cost of installing a new transmission. Although Mr. Guillory testified that the entire front end of his bus was damaged, requiring 3 weeks for repairs, he did not itemize the damages and did not call any experts to testify as to the costs of repairs. Furthermore, he testified that he carried 50 to 60 passengers, per day at $1.40 each, from Eunice to Baton Rouge, Louisiana, to work in the plants there. But, he introduced no evidence whatever of his costs for oil, gasoline, repairs, etc. to show the amount of profit.
We think the evidence in the record is sufficient to justify Guillory's demand for the $100 representing the deductible portion of his collision insurance policy. His testimony alone proves the front end of his bus was extensively damaged and that he had to pay $100 on these repairs.
Guillory contends the trial judge should have granted a new trial to allow him to introduce proof of his other damages. He asks this court to remand the case to allow introduction of this proof. There is no showing that Guillory has discovered, since the trial, new evidence which he could not with due diligence have discovered before or during the trial. Hence, the grounds urged for a new trial are not peremptory, LSA-C.C.P. Article 1972. The trial judge had the discretion to grant a new trial, LSA-C.C.P. Article 1973. He apparently concluded that this was not a proper case. We find no abuse of this exercise of the trial judge's discretion.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the intervenor, L. B. Guillory, and against the defendants, Dennis Anthony Joseph and Philip Carey Manufacturing Company, Inc. for the sum of $100, together with legal interest thereon from date of judicial demand until paid and all costs, both in the lower court and on appeal. Guillory's request for a remand is denied.
Reversed and rendered.
NOTES
[1] In oral argument, counsel for Guillory explained that he preferred to file Guillory's independent claim for damages in the pending action in St. Landry Parish, which had venue of the principal action by virtue of that being the parish of defendant Guillory's domicile. If he had filed a separate suit for Guillory against Joseph and Philip Carey Manufacturing Company, he probably would have had to sue in Pointe Coupee Parish where the accident occurred.
[2] We are aware that our brothers of the Court of Appeal of Louisiana, Fourth Circuit, have reached a contrary conclusion in two recent cases. That court has followed the prior law and construed LSA-C.C.P. Article 1091 to require an intervenor to have an immediate direct interest in the pending action. In Resor v. Mouton, La.App., 200 So.2d 308 (4th Cir. 1967) the driver of one of the vehicles sued the driver of the other for personal injuries arising out of a collision. The third party owner of a building, struck by the vehicles, sought to intervene for his damages. The court disallowed the intervention on the grounds that the owner of the building had "no interest" in the pending action. The same result was reached in Klotz v. Nola Cabs, Inc., 209 So.2d 158 (4th Cir. 1968). However, see also Boyd v. Donelon, La.App., 193 So.2d 291 (1966) in which the same court recognized that LSA-C.C.P. Article 1091 departs from the former "immediate-gain-or-loss rule" but held that even under the former rule the intervening neighbors had an actual interest in the enforcement of a zoning restriction.