REDMANN, Judge.
Appellants’ pleading titled “Answer, Re-conventional and Third Party Demand” was dismissed on exceptions because it did not, within itself, allege facts constituting a cause of. action and name the third-party defendants (or defendants in reconvention). The pleading did, however, “adopt by reference all portions of the answer” of a named insurer (which alleged the missing elements of a cause of action) and it described as its intended defendants “the other persons involved in the collision detailed in plaintiff’s original petition.” We therefore reverse, holding that the requirements of C.C.P. 891 are met by adopting by reference statements in other pleadings in the same court, C.C.P. 853.
(We deem it immaterial that appellants’ demands against co-defendants were not third-party demands within the definition of C.C.P. 1111, but rather in the nature of interventions, Bellow v. New York Fire & Marine Underwriters, Inc., La.App.1968, 215 So.2d 350. This court’s perhaps contrary decision of Resor v. Mouton, La.App.1967, 200 So.2d 308, has been overruled; Gallin v. Travelers Ins. Co., La.App.1975, 323 So.2d 908.
(And we need not discuss prescription as to the amended pleading appellants later filed, since we have found their initial pleading adequate.)
The judgment is reversed and the exceptions are overruled.