337 So.2d 691 (1976)
Clarence E. GEHR, Individually and as Administrator of the Estate of the minor, Nancy E. Gehr
v.
DEPARTMENT OF HIGHWAYS of the State of Louisiana et al.
No. 7391.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1976.
Rehearing Denied October 13, 1976.
*692 Gerald P. Webre, Alonzo T. Stanga, III, Metairie, for defendants, intervenors, appellants.
Robert Henry Sarpy, Jr. (Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans), for defendants, defendants in intervention, appellees.
Before REDMANN, GULOTTA and STOULIG, JJ.
REDMANN, Judge.
Original personal injury defendants Sylve appeal only from the dismissal of their cross-claim for their own damages against a co-defendant and a third party they joined as an added defendant to their cross-claim.
Appellees move to dismiss the Sylves' claim as not a "third party petition," as titled, because for the Sylves' own severe damages rather than for "all or part of the principal demand," C.C.P. 1111. We agree that the cross-claim is not a third-party demand within C.C.P. 1111; but the added claim is allowable, as to co-defendant Department of Highways, as an intervention within C.C.P. 1091; Kennedy v. Joseph, La.App. 1976, 325 So.2d 769. And, since by intervention the action can be brought against Highways for its vicarious liability for its employee's delict, its employee can be joined as an added defendant, C.C.P. 463. That the intervention was incorrectly titled a third-party petition is immaterial; see Kennedy, supra.
The substance of the cross-claim is that Highways' employee, while mowing grass around a highway sign, drove his large mower onto the roadway and thereby caused one automobile to apply its brakes, which caused cross-claimant wife, in order to avoid striking the first car, to run her own car off the roadway onto the shoulder, where the rough terrain caused loss of control of her car, which careened back onto the highway into the path of a third car. (The third car's owner and driver brought the principal demand against Highways and its insurer and the Sylves and their insurer, and obtained judgment against the Sylves and their insurer. Only the Sylves appealed; their insurer is also the insurer of Highways.)
Mrs. Sylve says her speed was only 35 or 40 mph on an open highway (on which the speed limit was 35 mph). She was (and had been for "a few minutes") following at "a normal distance," "a few car lengths, . . . three or four cars" behind the first car when the mower entered the highway (probably very slightly and only for a brief time). The collision occurred at a point 145 feet before Mrs. Sylve would have reached the mower. Mrs. Sylve therefore either reacted unreasonablywith panicto her timely observation of the preceding car's brake lights, or she did not observe the lights when she should have and for that reason had to swerve off the road to avoid a collision that proper lookout would have avoided. In either case *693 Mrs. Sylve's own causative fault would prevent recovery by her (or her husband, since she was on a community mission returning from her work).
Affirmed.
STOULIG, Judge (concurring).
I concur. I am of the opinion that appellant labored under the mistaken belief that she was confronted with a sudden emergency when none in fact existed. This error of judgmenta breach of her duty to properly evaluate the existing conditions and to react as a reasonable and prudent person under the circumstancescaused Mrs. Sylve to overreact and lose control of her vehicle which collided with the oncoming Gehr automobile.