344 So.2d 73 (1977)
TRAVELERS INSURANCE COMPANY et al.
v.
Paul SONNIER.
No. 8556.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1977.
Birch P. McDonough, New Orleans, for relator.
Grayson H. Brown, for respondent.
Before REDMANN, STOULIG and BEER, JJ.
REDMANN, Judge.
Defendant was sued for personal and property damage arising from defendant's rear-ending plaintiff's insured's automobile. Defendant third-partied a mechanic who had repaired defendant's brakes, alleging that brake failure caused the accident. This was a proper third-party demand within La.C.C.P. 1111 because defendant sought indemnity for the damages plaintiff was seeking from defendant. But defendant also sought his own damages to person and property from the collision. On exception to the use of "third party demand" the trial court dismissed the demand for defendant's own damages. We grant defendant's application for writs and reverse.
Third-party-defendant argues that the first paragraph of C.C.P. 1111 restricts third party demands to demands for remedy over:

*74 The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
Under third-party-defendant's view, no defendant could ever make a demand against a co-defendant or a non-party except for indemnification against all or part of the principal demand.
This view is inconsistent with this court's prior decisions, save one which we now overrule.
Gehr v. Department of Highways, La. App. 4 Cir. 1976, 337 So.2d 691, allowed a defendant to claim his own damages (from the accident he was sued on) from a co-defendant and (citing C.C.P. 463) from a third party as well.
Kennedy v. Joseph, La.App. 4 Cir. 1976, 325 So.2d 769, similarly upheld some defendants' claims against their codefendants ("the other persons involved in the collision detailed in plaintiff's original petition"). That those claims were not simply for judgment over is clear from the opinion's suggestion that the demands "were not third-party demands within the definition of C.C.P. 1111, but rather in the nature of interventions, Bellow v. New York Fire & Marine Underwriters, Inc., La.App. [3 Cir.] 1968, 215 So.2d 350." 325 So.2d at 770.
Mid-States Ins. Co. v. Fireman's Fund Ins. Co., La.App. 4 Cir. 1970, 240 So.2d 908, writ refused 257 La. 608, 243 So.2d 274, allowed a defendant driver to claim his own damages from a third party who defendant claimed caused the collision between defendant and plaintiff driver by strewing gravel on the roadway. (The claim for defendant's own damages was added by amendment to his claim for indemnity.)
Beneficial Fin. Co. of N.O. v. Bienemy, La.App. 4 Cir. 1971, 244 So.2d 275, while accepting that a defendant sued on a note by its payee could make a third-party demand for redhibition of a sale (or for quanti minoris), held that the amount of the third-party demand could not exceed the amount of the main demand: "the maximum judgment in the third party action cannot be for a greater amount [than judgment on the main demand]", 244 So.2d at 279-280. This limitation on amount would, in every case, prevent a defendant from claiming against a third party ("including a codefendant," C.C.P. 1111) the defendant's own damages in addition to the damages the plaintiff demanded.
Beneficial does not mention Mid-States (which might have been deemed not a precedent because it merely allowed the added demand without discussing the issue), and Kennedy and Gehr do not mention Beneficial, which we find impossible to distinguish.
That Beneficial involved a claim against a non-party while Kennedy and Gehr involved claims against co-defendants is not a distinction, since C.C.P. 1111 defines third parties to include co-defendants.
We must overrule either Beneficial or Kennedy and Gehr (and, in its implication at least, Mid-States). To follow the nothing-but-indemnification rule of Beneficial is to require, in every case, that a defendant who wishes to demand his own damages from one properly made a third-party-defendant ("including a codefendant") must file a separate action against the third-party-defendant which he might then move to consolidate for trial under C.C.P. 1561 (and which probably will be consolidated, at least for trial of the common issues). Moreover, if a defendant can properly "bring in" (C.C.P. 1111) a third party, the question of what demands against that third party can be cumulated would appear to be governed by C.C.P. 462: actions may be cumulated if each is within the court's jurisdiction and in the proper venue and all are mutually consistent and employ the same form of procedure. (Even if the cumulation is improper, unless for lack of jurisdiction or venue, the court may merely order separate trials of the actions, C.C.P. 464(1).)
Beneficial is also inconsistent with Gallin v. Travelers Ins. Co., La.App. 4 Cir. 1975, 323 So.2d 908, writ refused 329 So.2d 452. There, with en banc approval of overruling *75 an earlier contrary decision, we held that a non-party could intervene in a damage suit to claim his own damages.[1] It would be inconsistent to rule that a party (a defendant) could not claim his own damages from another party (one properly made third-party-defendant) in the same lawsuit.
Finally, Beneficial is inconsistent with the provision of C.C.P. 1111 allowing a third-party-defendant to reconvene against a third-party-plaintiff. Art. 1111 would let a third-partied driver in a collision suit reconvene for his own damages arising out of the same collision, but Beneficial would not let a third-party-plaintiff demand the same kind of damages that a third-party-defendant could demand.
We conclude judicial efficiency is served by allowing a third party demand for judgment over to further demand the third-party-plaintiff's own damages arising out of the circumstances (in addition to the damages demanded of him in the main demand). In our case, efficiency requires that there be only one trial of the questions whether brake failure caused the accident and whether the repairman caused the brake failure. We can discern no advantage to ruling that that one trial can only be had by filing two petitions (the third-party petition and the separate petition for defendant's own damages) and then a motion to consolidate, rather than one petition for all the relief defendant may be entitled to. Beneficial Fin. Co. of N.O. v. Bienemy is therefore overruled.[2]
Defendant's application is granted, and it is ordered that the judgment maintaining third-party-defendant's exception be set aside and the exception be overruled at third-party-defendant's cost.
NOTES
[1] Third-party-defendant argues that Gallin is not supportive because the trial court ruled intervenor could not add parties defendant. The correctness of that ruling was not before us and was not decided by us. But see Gehr, supra.
[2] Under this court's internal rule, this opinion has been submitted to the court en banc which has approved overruling Beneficial.