426 So.2d 362 (1983)
Rosa BANKS, Plaintiff-Appellee,
v.
Willie RATTLER, Ray Construction Co., Inc., St. Paul Fire & Marine Insurance Company and Allstate Insurance Company, Defendants-Appellants.
No. 15127-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
*363 Richie & Richie by John A. Richie, Shreveport, for plaintiff-appellee.
Blanchard, Walker, O'Quin & Roberts by Roy S. Payne, Shreveport, for defendant-appellee, Willie Rattler.
Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, for defendants-appellees, Ray Const. Co., Inc., and St. Paul Fire & Marine Ins. Co.
Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, for defendant-appellee, Allstate Ins. Co.
Walker, Feazel & Tooke by Barry G. Feazel, Shreveport, for third-party defendant-appellant, Jessie Rhymes.
Before HALL, SEXTON and NORRIS, JJ.
SEXTON, Judge.
The appellant Mrs. Jessie Rhymes was brought into this action as a result of third party demands filed by the defendants. She then reconvened and her husband Raymond Rhymes entered the action by joining his wife as a plaintiff-in-reconvention. Subsequent to exceptions of lack of procedural capacity filed against the Rhymes, their demands in reconvention were dismissed with prejudice in the trial court and they now appeal. We affirm as to Mrs. Jessie Rhymes and reverse as to Mr. Raymond Rhymes, and remand.
The principal action is a damage claim brought by Rosa Banks for personal injuries sustained in a car accident. On March 28, 1981, Mrs. Banks was a guest passenger in the car which Mrs. Rhymes was driving when the collision occurred. While traveling on Allen Avenue at the intersection of Milam Street in Shreveport, Louisiana, the Rhymes' vehicle collided with a Ray Construction Company, Inc., truck driven by an employee of that company, Willie Rattler. Only Mrs. Banks claimed physical injury damages as a result of the accident.
Mrs. Banks' petition named as defendants Mr. Rattler, Ray Construction Company, Inc., the insurer for Ray Construction Company, Inc., and Mrs. Banks' own insurer. These defendants filed third party demands for judgment over and against Mrs. Rhymes and in the alternative for judgment against Mrs. Rhymes in proportion to the degree of fault attributable to her actions.
On March 30, 1982, Mrs. Rhymes answered these incidental demands and reconvened against two of the defendantsRay Construction Company, Inc., and Willie Rattler. Her husband, Raymond Rhymes, sought to join in this reconventional demand claiming restitution of $913.50 for damages to their car.
*364 In response to the Rhymes' demand, the defendants-in-reconvention filed exceptions of lack of procedural capacity of the Rhymes to bring their claim. The exceptions are based on two grounds: (1) that Jessie Rhymes was not the proper party to sue for damages done to a vehicle registered in the name of Raymond Rhymes, and (2) that Raymond Rhymes was not a proper party to reconvene since he was not a defendant in the principal action or in any incidental action filed in this suit.
The trial court sustained the exceptions of lack of procedural capacity and dismissed with prejudice the appellants' reconventional demand. The Rhymes now appeal this judgment of the trial court. The issue in this appeal is whether the pleading filed by Mr. and Mrs. Rhymes entitled "Reconventional Demand" is a proper use of an incidental action by the Rhymes in asserting their claim.
First, the appellees contend that although the procedural tool of reconventional demand is available to Mrs. Rhymes to enter any claim she had against the third party plaintiffs, Mrs. Rhymes may not urge a claim which is properly asserted by her husband. The basis for this contention is LSA-C.C.P. Art. 686 and the recent matrimonial regime legislation dealing with management of community property, specifically LSA-C.C. Art. 2351, which were in effect at the time of the accident.
The right to recover damages to property is a property right belonging to the owner of the property. LSA-C.C. Art. 2315. An underlying theme of the new community property legislation is separate but equal management of community property by the spouses as per LSA-C.C. Art. 2346:
"Art. 2346. Management of community property. Each spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law."
Exceptions to this rule are found in LSA-C.C. Arts. 2347-2352 of Section 2 entitled "Management of Community Property." One of the exceptions to the equal management rule is found in LSA-C.C. Art. 2351 which states as follows:
"A spouse has the exclusive right to manage, alienate, encumber, or lease movables issued or registered in his name as provided by law."
Consistent with this theme of equal management in a regime of acquets and gains, LSA-C.C.P. Art. 686 establishes the proper plaintiff, as between spouses, to bring an action to enforce a community right:
"Either spouse is the proper plaintiff, during the existence of the marital community, to sue to enforce a community right; however, if one spouse is the managing spouse with respect to the community right sought to be enforced, then that spouse is the proper plaintiff to bring an action to enforce the right.
"When doubt exists whether the right sought to be enforced is a community right or is the separate right of the plaintiff spouse, that spouse may sue in the alternative to enforce the right.
"When only one spouse sues to enforce a community right, the other spouse is a necessary party. Where the failure to join the other spouse may result in an injustice to that spouse, the trial court may order the joinder of that spouse on its own motion." (Emphasis added).
Thus this Article states that either spouse is the proper plaintiff to sue to enforce community rights unless one spouse has the exclusive right of management, in which case "that spouse is the proper plaintiff to bring an action to enforce the right."
The parties to this appeal have stipulated that Mr. Rhymes is the registered owner of the car in question. The Rhymes have asserted in their pleading entitled "Reconventional Demand" that the car constitutes their community property. The record indicates that Mr. Rhymes purchased the car at a time when the couple was non-judicially separated. There has been no refutation of the allegation that the Rhymes owned this car in community. Therefore, pursuant to LSA-C.C. Art. 2340, it is presumed that the car constitutes community property.
*365 Jessie Rhymes is clearly the non-managing spouse with respect to the automobile registered in her husband's name. LSA-C.C. Art. 2351. Mr. Rhymes as the registered owner of the automobile is the proper plaintiff to bring the claim arising from damages to the car. Therefore, the exception of lack of procedural capacity as to Mrs. Rhymes' right to sue on this claim was properly sustained.
Secondly, the appellees object to Mr. Rhymes asserting a claim for property damages via a reconventional demand, when he was not a defendant in the pending suit.
The reconventional demand is an incidental action which is available to a litigant who is either a defendant in the principal action or a third party defendant. LSA-C.C.P. Arts. 1061, 1111. Mr. Rhymes thus apparently improperly used this procedure to assert a claim when he was neither a defendant in the principal action nor a defendant in the third party demand.
However, it is appropriate to note the rule in Louisiana that the characterization of the pleading is not controlling. The court is to look behind mere headings to determine the substance of the cause. Succession of Smith, 247 La. 921, 175 So.2d 269 (La.1965); Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350 (La. App. 3d Cir.1968); LSA-C.C.P. Art. 865.
LSA-C.C.P. Art. 1091 defines intervention:
"Art. 1091. Third person may intervene
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant."
Thus, an intervenor must have a justiciable right "related to or connected with the object of the pending action against one or more of the parties."
In applying this Article to the facts of the instant appeal, it is clear that Mr. Rhymes has an interest in the pending action. The claim for damages to the car which Mrs. Rhymes was driving is a claim arising out of the same accident in which the plaintiff Rosa Banks was injured. Mr. Rhymes can be said to be seeking to enforce a justiciable right on behalf of the community of acquets and gains of he and his wife.
This broad interpretation of LSA-C.C.P. Art. 1091, which we have followed, is favored by the Louisiana courts in the interests of justice and judicial administration. Union Service and Maintenance v. Powel, 393 So.2d 94 (La.1980); Washington v. Goldate, 411 So.2d 1224 (La.App. 4th Cir.1982); Gehr v. Department of Highways, 337 So.2d 691 (La.App. 4th Cir.1976); Gallin v. Travelers Ins. Co., 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (1976); Bellow, supra.
The facts of the Goldate case are similar to those in the instant appeal. The plaintiffs in Goldate, who were passengers in a truck, brought an action for personal injuries against the driver of the colliding car. The owner of the truck intervened in this action seeking recovery for property and other damages. The court held that the truck owner had a right to intervene in the pending suit.
Likewise, the holding in the Gehr case effects a liberal interpretation of LSA-C. C.P. Art. 1091. In Gehr, the court held that while the claim of the defendant for her own damages, rather than for part of the principal demand, was not a third party demand, it was allowable as an intervention.
In Gallin v. Travelers the court allowed a third passenger to intervene in a pending personal injury suit brought by the other two passengers of the colliding vehicle. Similarly, in Bellow, a pleading filed by one defendant seeking to recover his own damages against another defendant was accepted by the court as an intervention. The *366 plaintiff, Mrs. Bellow, sought damages for personal injuries she received while a passenger in the intervenor's bus. The bus driver who intervened in the action demanded compensation for damages to his bus and loss of income during repairs. The Bellow court found that the intervenor had joined with the plaintiff in seeking similar relief against the other defendants.
Although there is not yet direct jurisprudence from the Supreme Court on this issue, the following quotation from the Union Service case expresses an affirmation of the broad interpretation of LSA-C.C.P. Art. 1091:
"We are not unaware that, because C.C.P. 1111 offers only a rather limited cross claim between defendants, otherwise impermissible third party actions have been allowed by characterizing them as interventions. See, e.g., Travelers Ins. Co. v. Sonnier, 344 So.2d 73 (La.App. 4th Cir. 1977); Gehr v. Department of Highways, 337 So.2d 691 (La.App. 4th Cir.1976); Gallin v. Travelers Ins. Co., 323 So.2d 908 (La.App. 4th Cir.1975); Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350 (La.App. 3d Cir.1968); "Work of Appellate Courts: Civil Procedure," 38 La.L.Rev. 503, 507-509 (1978) and 37 La.L.Rev. 528, 529-530 (1977). These cases represent laudatory efforts in the courts of appeal to do justice and decide the whole case." (Emphasis added).
In light of the foregoing jurisprudence and the judicial rule of construing pleadings so as to achieve substantial justice, to deny Mr. Rhymes the availability of an action in intervention would be in error. LSA-C. C.P. Art. 865. Therefore, we find the incidental action filed by Mr. Rhymes while incorrectly cast as a reconventional demand, is a proper intervention. For this reason we find that the trial court erred in sustaining the exception of Mr. Rhymes' claim. The judgment dismissing this claim is hereby reversed.
Appellees have additionally urged in brief before us that even if Mr. Rhymes' claim is properly before the court that it has prescribed. However, such a reference to the issue of prescription solely through an appellate brief is insufficient to raise the objection. State, through Department of Highways v. Champagne, 371 So.2d 626 (La. App. 1st Cir.1979), rev'd in part on other grounds 379 So.2d 1069 (La.1980), on remand 391 So.2d 1234 (La.1980); Gulotta v. Cutshaw, 258 So.2d 555 (La.App. 1st Cir. 1972), rev'd on other grounds 283 So.2d 482 (La.1973); LSA-C.C.P. Arts. 927, 2163.
The plea of prescription is a peremptory exception which must be specifically pleaded; the court cannot supply this objection. LSA-C.C.P. Art. 927; Gallo v. Sorci, 221 So.2d 570 (La.App. 4th Cir.1969). Although an exception of prescription may be filed for the first time in an appellate court, it must be presented in a formal pleading and not by brief alone. State, through Department of Highways v. Champagne, supra; Motor Machine & Supply Co. v. Delilah Towing Co., Inc., 321 So.2d 896 (La.App. 1st Cir.1975); Scott v. Boh Bros. Const. Co., 195 So.2d 353 (La.App. 4th Cir. 1967).
In summary, we affirm the trial court's judgment sustaining the exception of lack of procedural capacity of Mrs. Rhymes and dismissing her reconventional demand. Finding that Mr. Rhymes' pleading substantively constitutes an intervention, we reverse the trial court's judgment dismissing this claim and we remand to the trial court for further proceedings consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.