DOUCET, Judge.
Plaintiff, Frank B. Zanazzi, filed this suit for specific performance of a real estate purchase agreement against the proposed buyer, F. Benjamin James III. The defendant filed an answer and reconvened therein against the plaintiff and also Jeffrey S. Zanazzi and Liquid Solids Technology, Inc.[1] The defendant alleged that the purchase contract sued on by plaintiff was a part and parcel of other real estate transactions in which the third party defendants were involved and that he was entitled to certain relief from them.
On May 31, 1985, the trial judge rendered what was styled “The Court’s Ruling,” stating that the exceptions of no cause of action filed by Jeffrey Zanazzi and Liquid Solids Technology, Inc., were sustained. The record contains a formal decree sustaining the exception of and dismissing the suit as to Liquid Solids, but none for Jeffrey Zanazzi. The defendant James obtained an order for a devolutive appeal from the formal decree, but named both of these exceptors in the order.[2]
It appears that the judge’s decision was based on the mislabeling of defendant’s pleading which, as stated, was a third party demand rather than a reconventional demand insofar as the exceptors were concerned. However, the factual allegations in regard to the relief sought by defendant against them appear to be somewhat deficient and the decision also may have been based thereon. In any event, the defendant contends he can eliminate both grounds of the exception through amendment of the pleadings and the judge should have allowed him to do so. LSA-C.C.P. art. 934.
The incorrect titling of the third party demand is immaterial. Gehr v. Department of Highways, 337 So.2d 691 (La.App. 4th Cir.1976). However, all things considered, we believe that justice will best be served by remanding the case and giving the defendant fifteen (15) days to amend his pleadings with the view of removing the grounds of the peremptory exception sustained and for further proceedings in accordance with law. If the defendant fails to so amend within such time or if the grounds for the exception are not removed by the amendment, the third party demand shall be dismissed at defendant’s costs, including the cost of this appeal.
REMANDED.

. The latter two were not parties to the suit at the time and, of course should have been brought in by a third party demand.

. It is not clear whether the district judge intended his "Ruling" to be a final judgment or simply the written reasons therefor. LSA-C. C.P. arts. 1917 and 1918. We conclude it was the latter and this appeal concerns only Liquid Solids Technology, Inc.