**In re D.W. RAINS and O.L. Rains, Debtors.**

**Kenny Flinn, Chapter 7 Trustee, Plaintiff,**

v.

**Omer L. Rains and Diana W. Rains, Defendants.**

**Bankruptcy No. 00–27836–C–7. Adversary No. 00–2608.**

United States Bankruptcy Court, E.D. California.

March 3, 2006.

Gregory J. Hughes, Hughes & Pritchard, Roseville, CA, for plaintiff.

Omer L. Rains, Carmichael, CA, appearing In Propria Persona.

## OPINION

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

This motion requests authority to appoint the plaintiff bankruptcy trustee to act on behalf of the judgment debtor to withdraw $250,000 from an ERISA-qualified pension plan as an exercise of the court's authority to appoint a person to perform an act on behalf of a disobedient party pursuant to Federal Rule of Civil Procedure 70 and Federal Rule of Bankruptcy Procedure 7070. The motion will be GRANTED.

### Facts

The Ninth Circuit stated the underlying facts in its decision in *Rains v. Flinn (In re Rains)*, 428 F.3d 893 (9th Cir.2005), in which it affirmed an order approving a settlement agreement and a subsequent judgment enforcing the settlement agreement:

> Omer L. Rains is an attorney and a debtor in bankruptcy. Kenny W. Flinn is the bankruptcy trustee. In September 2002, the bankruptcy court appointed a mediator in connection with adversary proceedings involving Rains, Flinn, and a creditor. A settlement conference was held on September 23, 2002, and after a full day of negotiations, the par-

ties reached a settlement (settlement or agreement). The agreement was reduced to writing and the parties (including Rains) and their attorneys signed it.

Pursuant to the terms of the settlement, Rains and his wife, also a debtor, agreed to pay the trustee $250,000 by March 31, 2003. Upon timely payment, the trustee and the creditor agreed to dismiss the adversary proceedings and withdraw their objections from the bankruptcy estate. Among the exemptions claimed by Rains was his interest in a retirement plan sponsored by the American Bar Association (retirement plan). The agreement alternatively provided that:

> [i]n the event that payment is not timely made by the defendants, judgment shall be entered denying the debtors' discharge and an order shall be entered denying the debtors' exemption claim to the ABA pension plan up to the amount of $250,000 unless before the due date for payment the debtors have posts an irrevocable standby letter of credit ... (or other instrument of collateral acceptable to the trust and to [the creditor]) to support the $250,000 payment.

> [Facts relating to approval of settlement, and appeal therefrom, omitted.]

While the first appeal was pending before the district court, Flinn filed an *ex parte* application for entry of judgment pursuant to the terms of the settlement agreement. This request was prompted by Rains's failure to pay $250,000 by the March 31, 2003 due date. The bankruptcy court entered judgment in favor of Flinn, ruling that Rains's "claim of exemption against the ABA Retirement Plan is hereby denied up to the sum of $250,000.00, and $250,000.00 of the funds in that Retirement Plan is hereby held to be property of the chapter 7 estate." The judgment further required Rains to "forthwith withdraw the sum of $250,000.00 from the ABA Retirement Plan, and ... pay said amount to the Trustee immediately upon receipt."

*Rains*, 428 F.3d at 897–99.

As relevant to the instant motion, the Ninth Circuit ruled that:

> The bankruptcy court had jurisdiction to enter the judgment enforcing the settlement agreement; Rains's appeal from that judgment was timely; the bankruptcy court properly ordered Rains to remit $250,000 in retirement plan funds to Flinn; and Rains's due process rights were not violated. AFFIRMED.

*Id.* at 907.

When Rains still did not pay, the trustee requested that this court order that Rains be incarcerated on a theory of civil contempt until he obtained $250,000 from the ABA retirement plan. Action on the contempt question was deferred until the trustee demonstrated that measures less drastic than the "heavy hand" of contempt would not suffice.

The trustee's response to the court's requirement that other alternatives be explored was the instant motion to appoint Flinn pursuant to Federal Rule of Civil Procedure 70, as incorporated and supplemented by Federal Rule of Bankruptcy Procedure 7070, to make the request on Rains's behalf to have the ABA pension plan disburse $250,000.

It is conceded that Rains is over the age of 59½ and that there is no legal impediment to his withdrawal of $250,000 from the ABA pension plan.

### Jurisdiction

■ The underlying adversary proceeding seeking to deny discharge and recover property of the estate was within federal

subject-matter jurisdiction. 28 U.S.C. § 1334(b). It was a core proceeding that a bankruptcy judge is empowered to hear and determine. 28 U.S.C. § 157(b)(2). The enforcement under Federal Rule of Bankruptcy Procedure 70 of the judgment rendered in the adversary proceeding is merely an exercise of the continuing jurisdiction over the adversary proceeding. Fed.R.Civ.P. 82; Fed. R. Bankr.P. 9030.

## Discussion

■ This is the unusual case in which $250,000 in an ERISA-qualified plan has been definitively determined to constitute property of the bankruptcy estate and in which the judgment debtor has been directly ordered to "withdraw $250,000 from the ABA Retirement Plan" and "pay said amount to the [bankruptcy] Trustee immediately upon receipt."

Since the judgment debtor has not complied with the order after being called upon to do so, the plaintiff bankruptcy trustee asks that he be appointed to make the withdrawal on the judgment debtor's behalf and, in compliance with the terms of the judgment, to pay himself the sum withdrawn.

The procedural tool being invoked is the first sentence of Rule 70, which provides in relevant part:

If a judgment directs a party to execute ... documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party....

Fed.R.Civ.P. 70.[1]

All of the requirements of Rule 70 have been satisfied. The judgment is not a simple money judgment that could be enforced by regular execution. Rains has been directed to withdraw $250,000 from the ABA Retirement Plan and to pay that amount to Flinn, the bankruptcy trustee. Moreover, Rains's right to receive $250,000 from the ABA Retirement Plan has been definitively determined to be property of the bankruptcy estate. He has been asked to perform his obligation to request the withdrawal, and he has not done so. He is

---

1. The full text of Rule 70 is:

If a judgment directs a party to execute a conveyance of land or deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the district, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk.
Fed.R.Civ.P. 70.

Federal Rule of Bankruptcy Procedure 7070 expands upon the fourth sentence of Rule 70 by permitting a judgment divesting title of any party and vesting title in another whenever the subject real or personal property is "within the jurisdiction of the court," instead of (as in Rule 70) "within the district":

Rule 70 F.R. Civ. P. applies in adversary proceedings and the court may enter a judgment divesting the title of any party and vesting title in others whenever the real or personal property involved is within the jurisdiction of the court.
Fed. R. Bankr.P. 7070.

now a "disobedient" party. 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE §§ 3021–22 (2d ed.1998); 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 70.02[1] (3d ed.2005); 10 COLLIER ON BANKRUPTCY ¶ 7070.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev., 2005).

Nor does the phrase "fails to comply within the time specified" in Rule 70 constitute an obstacle to appointment of a person to act at this stage of the litigation. Although the judgment did not specify a specific time in which Rains was required to perform his obligation to withdraw the $250,000, the phrase "fails to comply within the time specified" in Rule 70 logically means a "reasonable" time under the circumstances in the instance of a judgment that does not designate a time certain.

Under any view of what constitutes a "reasonable" time, the time in which Rains was required to withdraw the funds has already come and gone. The judgment was appealed to the Ninth Circuit. The time in which to file a petition for writ of certiorari to obtain review by the U.S. Supreme Court of the Ninth Circuit's decision has expired without a petition having been filed. The judgment has now become both final and unappealable. The trustee has demanded performance. Rains has not performed.

Thus, it has been held that what is required in order to comply with the "within the time specified" is that the disobedient party have had an opportunity to have done the required act and not have done so. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1153 (5th Cir.1988).

Moreover, to the extent that the lack of a date certain in the judgment could form the basis for opposing the motion to appoint a person to effect the withdrawal on Rains's behalf, Rains has waived the issue by not asserting it in his opposition to the motion.

The bankruptcy trustee is entitled to an award of costs and attorney's fees pursuant to the provision of Rule 70 that the act may be done "at the cost of the disobedient party." Fed.R.Civ.P. 70. Such costs and fees may be established by separate motion made after the act is completed.

\* \* \*

The motion by the plaintiff bankruptcy trustee for an order appointing him to act on behalf of the defendant judgment debtor to withdraw $250,000 from the ABA Retirement Plan and to direct the delivery of the aforesaid $250,000 to himself is GRANTED.