PER CURIAM: *
Lindy Investments III and Magnolia Creek Apartments (collectively, Lindy) contest the award of relief from judgment, under Federal Rule of Civil Procedure 60(b), to Shakertown 1992, Inc. In the light of Lind/s unreasonable delay in complying with the condition precedent for execution of the judgment entered in 1998, the district court did not abuse its discretion in granting such relief to Shakertown. AFFIRMED.
I.
In 1992, Shakertown sold Lindy shingles for use as siding on two apartment complexes in Louisiana. Soon after installation, the shingles showed signs of deterioration. In 1994, Lindy filed a redhibition action against Shakertown in Louisiana state court. See La. Civ.Code Ann. art. 2520 (defining redhibition as an action for rescission of a sale of a defective product). Shakertown removed the action to federal court.
In 1998, a jury found: although Lindy received $6,845 of value from its use of the shingles, it also suffered damages in the amount of $136,905 for “rescission of sale/reduction of purchase price”; $3,000 for “diminution of value”; and $14,063 in “reasonable expenses”. Lindy did not, *512 however, prevail on its claim for $1.8 million to remove and replace the shingles.
The district court entered judgment on 30 September 1998, reflecting the verdict, but also requiring Lindy to “return to Shakertown ... the shingles made the subject of the rescission of sale as a condition precedent to the execution of any money judgment”. No time limit was specified for the return. Our court affirmed, holding return of the defective product was necessary for rescission of sale. Lindy Invs., L.P. v. Shakertown Corp., 209 F.3d 802, 807 (5th Cir.2000).
Instead of returning the shingles and otherwise executing the judgment, Lindy continued to use them. Not until August 2007 did Lindy first advise Shakertown it was ready to return them and collect the 1998 money judgment.
As discussed infra, Shakertown refused to accept a shipment of shingles or pay the judgment. Instead, it moved the district court for Rule 60(b) relief, claiming Lindy had nullified the judgment by continuing to use the shingles for eight years after our court affirmed Lindy’s being required to return them. The district court granted the motion, concluding: “the continued use by [Lindy] of the purportedly defective product and the unreasonable delay in tendering its return” warranted relief under either Rule 60(b)(5) or (b)(6). Lindy Invs., III, L.P. v. Shakertown Corp., 631 F.Supp.2d 815, 822 & n. 14 (E.D.La.2008).
II.
A.
Lindy raises two procedural issues; each fails. It contends: the district court lacked subject-matter jurisdiction to amend the judgment after it was affirmed on appeal; and Shakertown’s Rule 60(b) motion was untimely.
1.
The district court’s subject-matter jurisdiction is reviewed de novo. E.g., In re Grand Jury Proceedings, 115 F.3d 1240, 1243 (5th Cir.1997). Lindy contends the district court lacked subject-matter jurisdiction because it did not first obtain our permission to revisit the judgment. Needless to say, Rule 60 is the vehicle by which relief from a judgment can be obtained in district court.
In the light of the changed circumstances, i.e., Lindy’s great delay in returning the shingles, the district court did not “ ‘flout[ ] the mandate by acting on the motion’ ”, Lindy, 631 F.Supp.2d at 819 n. 6; see Standard Oil Co. of California v. United States, 429 U.S. 17, 18, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976) (holding appellate leave unnecessary for a district court to consider a 60(b) motion because “the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events”).
2.
Federal Rule of Civil Procedure 60(c)(1) requires that a Rule 60(b)(5) or (b)(6) motion be made in a reasonable time. Our court reviews the district court’s ruling on whether such a motion is timely for abuse of discretion. See Matter of Al Copeland Enterprises, Inc., 153 F.3d 268, 271-72 (5th Cir.1998).
Throughout the Fall of 2007, Lindy and Shakertown engaged in negotiations on whether the shingles would be returned; that November, Shakertown informed Lindy of its interpretation of the judgment as no longer valid; and, on 20 May 2008, Shakertown moved for relief eight days after receiving a letter from Lindy stating Lindy had tendered part of the siding and would soon execute on the judgment. The district court did not *513 abuse its discretion in holding Shaker-town’s motion was timely.
B.
“[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion. A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.” Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir.2005) (alteration in original) (internal quotations and citations omitted). “The discretion under 60(b)(6) is said to be especially broad because relief may be granted under it when appropriate to accomplish justice.” Harrell v. DCS Equipment Leasing Corp., 951 F.2d 1453, 1458 (5th Cir.1992) (emphasis added). At issue, then, is whether, when it ruled that extraordinary circumstances justified relief, the district court’s decision rested upon an erroneous view of the law or a clearly erroneous assessment of the evidence. The ultimate question, however, remains whether the district court abused its discretion (“individual judgment”) in granting relief from the judgment. See In re Grimland, Inc., 243 F.3d 228, 233 (5th Cir.2001) (“Granting or denying a motion under Rule 60(b) is within the discretion of the district court, and we review that decision only for an abuse of discretion.”) Contrary to the Dissent at 515-16, this decision must be accorded appellate deference. See Pease v. Pakhoed Corp., 980 F.2d 995, 998 (5th Cir.1993) (“[T]he decision to grant or deny a Rule 60(b) motion is committed to the sound discretion of the district court and is accorded deferential review”, (emphasis added)). Otherwise, vesting the district court with discretion is meaningless.
As noted, the district court based its decision upon two alternate grounds: Rule 60(b)(5), which allows relief when prospective application of a judgment “is no longer equitable”; and Rule 60(b)(6), which allows relief “for any other reason that justifies” it. Lindy, 631 F.Supp.2d at 822 & n. 14. We need not reach the Rule 60(b)(5) grounds; instead, on this record and for the reasons that follow, Rule 60(b)(6) relief did not constitute an abuse of discretion. Nonetheless, to the extent the district court’s reasoning under Rule 60(b)(5) is applicable to its decision, in the alternative, to grant relief under Rule 60(b)(6), we consider such reasoning.
Relief under Rule 60(b)(6) may only be granted in exceptional circumstances. Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir.2002). The district court implicitly concluded such circumstances were present because, inter alia, it concluded it was “patently unfair to the defendants” for Lindy “[t]o continue to use the allegedly defective product for eight more years and then expect restoration of the purchase price”. Lindy, 631 F.Supp.2d at 820. Given Lindas extended delay in complying with the condition precedent of the judgment, the district court granted relief from the judgment to Shakertown. (The dissent makes repeated mention of the jury verdict, e.g., Dissent at 516; the relief granted, however, was from the judgment, which included the condition precedent added by the district court and upheld by our court, Lindy, 209 F.3d at 807.)
1.
Concerning whether the district court’s view of the evidence was clearly erroneous, the district judge who granted the Rule 60(b) relief also tried this action and was, therefore, familiar with all aspects, including the evidence at trial. That judge imposed the condition precedent in the 1998 judgment, which was a contested condition upheld by our court. Lindy, 209 *514 F.3d at 807. Along this line, in granting Rule 60(b) relief, the district court noted:
The Court is mindful that Shakertown ... also prevailed on important issues at trial. There was no evidence introduced that any defect in the siding adversely affected the integrity of any building upon which it had been placed. The movers anticipated that the plaintiffs were seeking two sets of functional siding for the price of one, and the argument regarding return spotlighted the issue. The requirement of return was recognized by [this court and the Fifth Circuit] as part and parcel of the claim of redhibition.
Lindy, 631 F.Supp.2d at 822. Although the court made this observation in its Rule 60(b)(5) analysis, the statement obviously applies to analysis under Rule 60(b)(6) as well.
No further evidence is required to show an injustice to Shakertown. It is fundamentally unjust for Lindy to vigorously contend (and convince a jury) that the shingles were worthless and completely defective, to continue to use them for eight years, and then to seek recovery by offering finally to return them. In that regard, Lindy, in our court, strongly contested the condition of return of the goods. Lindy, 209 F.3d at 807. Lindy cannot lose that issue on appeal but then circumvent our mandate.
2.
No time limit having been imposed by the judgment for the return of the shingles, the final question is whether the district court’s decision rested upon an erroneous view of the law. Louisiana courts have required in redhibition actions that the tender of goods be made within a reasonable time. See e.g., Beneficial Fin. Co. of New Orleans v. Bienemy, 244 So.2d 275, 281 (La.Ct.App.1971), overruled on other grounds by Travelers Ins. Co. v. Sonnier, 344 So.2d 73, 74-75 (La.Ct.App.1977); Breaux v. Winnebago Indus., Inc., 282 So.2d 763, 769 (La.Ct.App.1973); Star-wood v. Taylor, 434 So.2d 1236, 1238 (La.Ct.App.1983). Admittedly, those Louisiana cases address how, in claiming redhibition, an offer of tender of the defective goods must be made before pursuing the claim; therefore, they do not stand precisely for the point for which the district court cited them. Nevertheless, those cases do emphasize that Louisiana law does not contemplate retention of the defective goods for an extended period of time. And, although the Dissent at 518 is correct that the construction of federal judgments is a matter of federal law, it was not an abuse of discretion for the district court to consider Louisiana redhibition law persuasive.
The district court further relied upon, inter alia, In re Rains, 338 B.R. 99 (Bankr.E.D.Cal.2006). In Rains, a bankruptcy petitioner refused to comply with the bankruptcy plan’s directive that he request a withdrawal from his retirement plan. Id. at 102. Similar to the judgment at issue here, the bankruptcy plan (which has the same binding effect as a judgment) did not specify a time for performance, but the Rains court held that Federal Rule of Civil Procedure 70, which governs the performance of judgments, logically contains a reasonable time requirement. Id. at 103. The court therefore gave a trustee the power to withdraw the funds under Rule 70. Id.
Although we are considering a Rule 60(b)(6), not a Rule 70, motion, the reasoning is the same. Both rules concern the construction and effect of judgments. It was entirely proper for the district court to have imposed a reasonable-time requirement on a judgment for the equitable remedy of rescission in which Lindy was required to perform the specific act of re *515 turning the shingles. (Contrary to the Dissent at 518, that “[t]he judgment did not, to use the language of Rule 70, ‘require[ ] [Lindy] ... to perform any ... specific act’”, the judgment did require Lindy to perform the specific act of tendering the siding should it wish to collect the money judgment.) Needless to say, under Rule 60(b)(6), the district court has broad equitable powers to address Lindy’s unreasonable delay. See Harrell, 951 F.2d at 1458 (noting Rule 60(b)(6) “is a grand reservoir of equitable power to do justice”).
III.
For the foregoing reasons, the judgment is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.