FORET, Judge.
Is a suit by an uninsured motorist (UM) carrier against the tort-feasor to recover money paid under the insurer’s UM coverage barred by prescription when suit is filed against the tort-feasor less than one year following the payment of the UM claim but more than one year following the accident?
Plaintiff, Southeastern Fidelity Insurance Company, filed suit against defendant, Early Porter, seeking to recover money Southeastern Fidelity had paid to its insured, Rita Williams (also a plaintiff) in satisfaction of her claim under its UM coverage. Plaintiff-insurer alleged that defendant was the tort-feasor in an accident involving its insured. Defendant filed a peremptory exception of prescription which was sustained by the trial court. Plaintiff has appealed.
FACTS
Rita Williams and defendant, Early Porter, were involved in an accident on or about June 4, 1981. At the time of the accident, plaintiff, Southeastern Fidelity Insurance Company, was Rita Williams’ UM carrier. On September 29, 1982, plaintiff-insurer paid Rita Williams’ UM claim. On June 6,1983, more than two years after the accident, plaintiff-insurer filed suit against defendant to recover the money it had paid to its insured. Prior to this, neither plaintiff-insurer nor its insured had filed suit against defendant. Defendant filed a peremptory exception claiming that plaintiff-insurer’s suit had prescribed. The trial court sustained defendant’s exception and plaintiff appealed.
HAD PLAINTIFF’S CAUSE OF ACTION PRESCRIBED?
In Liberty Mutual Insurance Company v. Brawner, 353 So.2d 487 (La.App. 3 Cir.1977), we held that a UM carrier who pays the claim of an injured party acquires no greater rights against the tort-feasor than that which the injured party had. We concluded that when the injured party’s cause of action against the tort-feasor is barred by one-year prescription, the cause of action to which the UM carrier becomes sub-rogated by its payment of the claim is likewise barred.
In the present case, the accident occurred on or about June 4, 1981. Plaintiff, the UM carrier, did not make payment to the victim until September 29, 1982, more than one year after the .accident. Suit was not filed against defendant, the alleged tort-feasor, until June 6, 1983. Under our holding in Liberty Mutual Insurance Company v. Brawner, supra, plaintiff’s cause of action had prescribed and the trial court correctly sustained defendant’s objection of prescription.
Plaintiff cites Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), for the proposition that the UM carrier and tort-feasor are obligated in solido to the injured party. Plaintiff contends that as a solidary obligor, it was entitled to indemnity from defendant, the tort-feasor. Furthermore, it argues that prescription should not have begun to run against its claim for indemnity until it paid the injured party’s claim. See Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La.1979).
Plaintiff’s argument rests on the assumption that the solidary obligation imposed on a UM carrier and the tort-feasor for the injured party’s benefit is determinative of the relationship between the UM carrier and the tort-feasor, i.e., that the effects of solidarity, including the right to contribution or indemnity, are applicable to the relationship between a UM carrier and *300 a tort-feasor. However, as the court said in Hoefly:
“Allstate argues that the conclusion we have reached will cause all effects of solidarity to be applied in uninsured motorist cases. Care should be taken by civilian attorneys and jurists to be on guard against applying one segment of the code in isolation from others. Neither the Civil Code nor the revised statutes were intended to be applied in this manner. A full delineation of the relationship between the tortfeasor and the uninsured motorist carrier after payment of the debt owed by them solidarily is beyond the scope of this case. However, it is clear that the Civil Code recognizes that debtors, although solidarily bound for the creditor’s benefit, may have differing relationships among themselves. The conclusion that debtors are solidarily bound does not alone determine the rights and obligations of the debtors in relation to each other. La.C.C. arts. 2103, 2104, 2106; 2 M. Planiol, supra, nos. 767-771; Wooten v. Wimberly [272 So.2d 303], supra (Tate, J., concurring). The Work of the Louisiana Appellate Courts for the 1972-1973 Term — Obligations, 34 La.L.Rev. 231, 233 (1974).” (Emphasis provided.)
We do not interpret Hoefly as holding that the effects of solidarity apply to the relationship between the UM carrier and the tort-feasor. Indeed, the court warned against such an interpretation of their ruling. Consequently, we think that our decision in Liberty Mutual Insurance Company v. Brawner, supra, and the decision of the Fourth Circuit in United States Fire Insurance Company v. Lawson, 317 So.2d 217 (La.App. 4 Cir.1975), writ refused, 321 So.2d 367 (La.1975), have not been overruled and represent not only clear precedent but the best view of this matter. At the time that plaintiff-insurer commenced its action against defendant, its insured’s claim and, therefore, the claim it was sub-rogated to had prescribed. Accordingly, we concur in the trial court’s action in sustaining defendant’s exception of prescription.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Southeastern Fidelity Insurance Company.
AFFIRMED.